UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIE LASHBROOK,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case No. 20-cv-01236-NC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Re: Dkt. No. 10 |

The Parties have applied to the Court for an order preliminarily approving the settlement of this action in accord with the Proposed Consent Decree ("Decree"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Decree throughout its term. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion for Preliminary Approval of Class Action Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Court grants the Parties' Joint Motion for Class Certification, certifying a class for declaratory and injunctive relief. The Court finds, for purposes of settlement only, and conditioned upon the entry of this Order and the Final Judgment and Order Approving Settlement, that the requirements of Rule 23 of the Federal Rules of Civil

Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class that he seeks to represent for purposes of settlement; (d) Plaintiff has fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Plaintiff and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the allegations made in the Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court hereby certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2):

> All persons (including residents of and/or visitors to the City of San Jose) with any Mobility Disability, who, at any time prior to the Court granting final approval of the Consent Decree, have been denied full and equal access to the City's pedestrian right of way due to the lack of a curb ramp or a curb ramp that was damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use.

Pursuant to Federal Rule Civil Procedure 23(c)(1)(B), the Court appoints named Plaintiff and his counsel as representatives of the Settlement Class.

2.     The Decree requires the City of San Jose to remediate all missing and non-compliant curb ramps by 2038.  It requires the City to allocate a minimum amount of money per year towards its construction and remediation obligations, while reaching certain milestones in ramp construction and remediation.  In the event the City is unable to appropriate the required annual monetary commitment, the Decree requires the City to make up the shortfall in subsequent years, preempt the shortfall in previous years, or maintain an agreed-upon average rate of ramp construction and remediation.  The City is also required to maintain a Curb Ramp Request Program and comply with reporting and

1    monitoring requirements.  In exchange, Plaintiff and members of the Class agree to release
2    all injunctive, declaratory, or non-monetary claims related to the City's alleged actions or
3    omissions relating to the remediation or construction of curb ramps.  However, unnamed
4    members of the Class do not release claims for monetary damages, personal injuries, or
5    property damages.  Plaintiff Artie Lashbrook releases all of his monetary claims related to
6    his personal encounters with non-compliant curb ramps in exchange for a damages
7    payment of $50,000.

8          3.     The Court hereby preliminarily approves the Decree.  The Court finds on a preliminary basis that the Decree is fair, adequate and reasonable to all potential Class Members.  It further appears that extensive evaluation of the merits has been conducted such that Counsel for the Parties are able to reasonably evaluate their respective positions.  It also appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as avoid the delay and the risks presented by further prosecution of issues either in the current or separate litigation proceedings which are addressed by the Decree.  The results achieved by the Decree are also in line with approved consent decrees in similar cases.  *See, e.g.*, Dkt. No. 10-1 ("Dardarian Decl."), Ex. 8 (order granting preliminary approval of consent decree in *Hines v. City of Portland*, Case No. 3:18-cv-00869-HZ (D. Or. June 4, 2019)).

          4.     The Court also finds that the Decree has been reached as the result of good faith, prolonged, serious, and non-collusive arms-length negotiations.  The Parties reached the Decree after six years of out-of-court negotiations.  At the preliminary approval hearing, the parties represented that they contested the merits of the class claims and engaged in extensive discovery and information sharing over the six-year period before reaching the Decree.

          5.     The Court hereby approves, as to form and content, the proposed Notice, attached as Exhibit C to the Decree.  The Court finds that the distribution of the Notice in the manner and form set forth in the Decree meets the requirements of due process and Federal Rules of Civil Procedure 23(c)(2) and 23(e).  This Notice is the best practicable

1  under the circumstances, and shall constitute due and sufficient notice to all persons
2  entitled thereto.  The Parties shall submit declarations to the Court as part of their Motion
3  for Final Approval of the Class Action Settlement confirming compliance with the notice
4  provisions of the Decree.

5        6.      A hearing on final approval of the Decree ("Fairness Hearing") shall be held
6  before the Court, as set forth below, to determine all necessary matters concerning the
7  Decree, including whether the proposed Decree's terms and conditions are fair, adequate,
8  and reasonable, and whether the Decree should receive final approval by the Court, as well
9  as to rule on Class Counsel's motion requesting an award of reasonable attorneys' fees,
10  costs and expenses.

11        7.      Any Settlement Class Member may object to this Consent Decree by filing,
12  no later than **August 14, 2020** (the "Objection Deadline"), written objections with the
13  Court.  Any Settlement Class Member may object to any aspect of the proposed Consent
14  Decree either on their own or through an attorney hired at their expense.  Any Settlement
15  Class Member who wishes to object to the proposed Consent Decree may file a written
16  statement of objection no later than the Objection Deadline.  Such statement should
17  include: (a) the name, address, and, if available, telephone number and e-mail address of
18  the Class Member objecting,  (b) if represented by counsel, the name, address, telephone
19  number and e-mail address of the Class Member's counsel; (c) a statement identifying the
20  specific grounds for the Class Member's objection; and (d) a statement of whether the
21  objection applies to the Class Member, to a specific subset of the class, or to the entire
22  class.

23        8.      Any Class Member who wishes to object to the proposed Decree may also
24  present objections at the Fairness Hearing.

25        9.      The procedures and requirements for filing objections in connection with the
26  Fairness Hearing are intended to ensure the efficient administration of justice and the
27  orderly presentation of any Settlement Class Members' objection to the Decree, in
28  accordance with the due process rights of all Settlement Class Members.

10. Class Counsel shall provide copies of any objections to Defendant's counsel within two (2) court days of receipt. Class Counsel shall also file any objections with the Court no less than ten (10) calendar days before the Fairness Hearing.

11. Pending the Fairness Hearing, all proceedings in this Action, other than proceedings necessary to carry out and enforce the terms and conditions of the Decree and this Order, are hereby stayed. Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Decree until the date of the Fairness Hearing.

12. In accordance with the above, the Court adopts the following schedule:

    a. Within ten (10) calendar days after entry of the Order Granting Preliminary Approval, Class Counsel shall mail, via U.S. mail and/or email, the Notice in the form of Exhibit C to the Decree to all organizations identified in Exhibit E to the Decree.

    b. Within twenty (20) calendar days after entry of the Order Granting Preliminary Approval, Notice in the form of Exhibit C to the Decree shall be posted by Class Counsel on a case-specific website established by Class Counsel. The websites will have copies of the Notice in English, Spanish, and Vietnamese. In addition, the websites will provide information about how Settlement Class Members may obtain a copy of the Consent Decree. The City shall post the Notice on the City of San Jose's official website, where it shall remain posted for four (4) consecutive weeks. The website will also make a copy of the Notice available in English, Spanish, and Vietnamese.

    c. Commencing within thirty (30) calendar days after entry of the Order Granting Preliminary Approval, the City shall cause to be published Notice in the form of Exhibit C to the proposed Consent Decree in The San Jose Mercury News once each week for four (4) consecutive weeks.

    d. Each Class Member shall be given a full opportunity to object to the proposed Settlement and Class Counsel's request for an award of reasonable attorneys' fees, expenses, and costs, and to participate at the Fairness Hearing. Any Class Member

seeking to object to the proposed Settlement may submit an objection to the District Court in writing, via regular mail or filed in person.

    e. No later than **July 10, 2020**, Plaintiff shall file a Motion for an Award of Reasonable Attorneys' Fees, Expenses, and Costs. The hearing on that Motion shall be concurrent with the Fairness Hearing.

    f. The Parties shall file a Joint Motion for Final Approval and may respond to objections, if any, no later than five (5) calendar days prior to the Fairness Hearing. On the same date, the Parties shall also file statements of compliance with notice requirements.

    g. The Fairness Hearing shall be held on **September 2, 2020 at 1:00 p.m.** in Courtroom 5 of the above-referenced Court. The hearing will be conducted publicly via video conference through Zoom. Additional access details will be published by the Court before the hearing.

  13. In the event the Court does not grant final approval of the Settlement, or for any reason the Parties fail to obtain a Final Judgment and Order Approving Settlement as contemplated by the Decree, or the Decree is terminated pursuant to its terms for any reason, or the Effective Date does not occur for any reason, then the Decree and all orders and findings entered in connection with the Decree and the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against the City of any fault, wrongdoing, breach, or liability. It shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims.

Nor shall this Order be construed or used as an admission, concession, or declaration by or against Plaintiff or the other Settlement Class Members that their claims

lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any Party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

Relevant dates are summarized below:

| | |
|---|---|
| **Deadline to File Written Objections to Proposed Decree** | **August 14, 2020** |
| **Deadline for Plaintiff's Motion for Attorneys' Fees** | **July 10, 2020** |
| **Date of Fairness Hearing** | **September 2, 2020, at 1:00 p.m.** |

**IT IS SO ORDERED.**

Dated:  May 27, 2020                    _____
                                         NATHANAEL M. COUSINS
                                         United States Magistrate Judge

United States District Court
Northern District of California

7