NORA FRIMANN, Acting City Attorney (93249)
ELISA T. TOLENTINO, Senior Deputy City Attorney (245962)
Office of the City Attorney
200 East Santa Clara Street, 16th Floor
San José, California  95113-1905
Telephone Number: (408) 535-1900
Facsimile Number:  (408) 998-3131
E-Mail Address:  cao.main@sanjoseca.gov

Attorneys for Defendant CITY OF SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ARTIE LASHBROOK, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE,<br><br>Defendant. | Case Number:  20-cv-01236-NC<br><br>**DECLARATION OF ELISA TOLENTINO IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL, AND STATEMENT OF COMPLIANCE WITH NOTICE REQUIREMENTS**<br><br>Date: September 2, 2020<br>Time: 1:00 p.m.<br>Dept: Courtroom 5<br>Before: Hon. Nathanael M. Cousins |

I, Elisa Tolentino, declare as follows:

1. I am a Senior Deputy City Attorney for the San Jose City Attorney's Office. Except as to matters stated on information and belief, I have personal knowledge of all matters stated in this declaration and, if called as a witness, I could competently testify thereto. As to matters stated on information and belief, I believe them to be true and correct. I have been assigned to represent the City of San Jose in this action

2. On May 27, 2020, the Court issued an Order Granting Preliminary Approval of Class Action Settlement ("Order"). The Order preliminarily approved the Proposed Consent Decree submitted by the parties to this action. The Order approved the form and content of the proposed Notice of Proposed Settlement of Class Action Lawsuit ("Notice"), which was

attached as Exhibit C to the Proposed Consent Decree. The Order set forth the manner in which the Notice would be published, as well as deadlines for publication of the Notice.

3. On June 26, 2020, the Court granted an Order on Stipulation, extending the time for the City to cause the Notice to be published in the San Jose Mercury News. Under the Court's Order on Stipulation, the City was to publish the Notice in the Mercury News on or before June 30, 2020.

4. Pursuant to Paragraph 12(c) of the Order and pursuant to the Court's Order on Stipulation, at my direction, City Attorney's Office staff caused the Notice to be published in the San Jose Mercury News ("Mercury News") on June 30, 2020; July 7, 2020; July 14, 2020; and July 21, 2020.

5. The San Jose Mercury News provided a Proof of Publication stating that the Notice had been published on June 30, 2020; July 7, 2020; July 14, 2020; and July 21, 2020. The Mercury News also provided a copy of the published Notice. Attached hereto as Exhibit A is a true and correct copy of the Mercury News's Proof of Publication and a true and correct copy of the Notice as it appeared in the Mercury News.

6. Pursuant to Paragraph 12(b) of the Order, on June 17, 2020, the City Clerk posted the Notice, in English, Spanish, and Vietnamese, to the City's website. True and correct copies of the Notice, as they appear in English, Spanish, and Vietnamese on the City's website are attached as Exhibit B. A true and correct copy of the City Clerk's certification of publication is attached as Exhibit C.

7. I am informed by the City's IT Department, and believe, that content on the City's website can be read by software commonly used by individuals with visual impairments. I am informed and believe that the City's website complies with WCAG.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and this Declaration was executed on August 27, 2020.



ELISA TOLENTINO

2

DECLARATION OF ELISA TOLENTINO IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL, AND STATEMENT OF COMPLIANCE WITH NOTICE REQUIREMENTS

Case Number: 20-cv-1236-NC

1743192.docx

# EXHIBIT A

# San Jose Mercury News

4 N. 2nd Street, Suite 800
San Jose, CA  95113
408-920-5332

2055610

CITY OF SAN JOSE
200 EAST SANTA CLARA ST.
CITY ATTORNEY OFC - TINA NASSERI
SAN JOSE, CA  95113

## PROOF OF PUBLICATION
## IN THE CITY OF SAN JOSE
## IN THE STATE OF CALIFORNIA
## COUNTY OF SANTA CLARA

In the matter of

### San Jose Mercury News

The undersigned, being first duly sworn, deposes and says: That at all times hereinafter mentioned affiant was and still is a citizen of the United States, over the age of eighteen years, and not a party to or interested in the above entitled proceedings; and was at and during all said times and still is the principal clerk of the printer and publisher of the San Jose Mercury News, a newspaper of general circulation printed and published daily in the City of San Jose, County of Santa Clara, State of California as determined by the court's decree dated June 27, 1952, Case Numbers 84096 and 84097, and that said San Jose Mercury News is and was at all times herein mentioned a newspaper of general circulation as that term is defined by Sections 6000; that at all times said newspaper has been established, printed and published in the said County and State at regular intervals for more than one year preceding the first publication of the notice herein mentioned. Said decree has not been revoked, vacated or set aside.

I declare that the notice, of which the annexed is a true printed copy, has been published in each regular or entire issue of said newspaper and not in any supplement thereof on the following dates, to wit:

**06/30/2020, 07/07/2020, 07/14/2020, 07/21/2020**

Dated at San Jose, California
July 21, 2020

I declare under penalty of perjury that the foregoing is true and correct.

*[signature]*

Principal clerk of the printer and publisher of the San Jose Mercury News

---

Legal No.   **0006498201**

### NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

**ATTENTION: ALL PERSONS WITH A MOBILITY DISABILITY:** If you have used, or attempted to use, pedestrian rights-of-way in the City of San Jose and have encountered corners on sidewalks or other pedestrian walkways that were missing curb ramps, or curb ramps that were damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use ("Non-Compliant Curb Ramps"), you may be a member of the proposed Settlement Class affected by this lawsuit. This is a court-authorized notice.

A "Mobility Disability" means any impairment or medical condition which limits a person's ability to walk, ambulate, maneuver around objects, or ascend or descend steps or slopes. A person with a Mobility Disability may or may not use a wheelchair, scooter, electric personal assisted mobility device, crutches, walker, cane, brace, orthopedic device, or similar equipment or device to assist their navigation along a pedestrian walkway, or may be semi-ambulatory.

**PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS CASE.**

### NOTICE OF CLASS ACTION

The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought on behalf of persons with Mobility Disabilities against the City of San Jose. The proposed class action settlement is set out in a document called a "proposed Consent Decree." The proposed Consent Decree, which must be approved by the United States District Court before it goes into effect, was reached in the case entitled Lashbrook v. City of San Jose, Case No. 5:20-cv-01236-NC, pending in the United States District Court for the Northern District of California.

### BASIC INFORMATION

This lawsuit alleges that the City of San Jose ("City") violated federal and state disability access laws by allegedly failing to ensure that its pedestrian right of way contains curb ramps that are necessary to ensure that the pedestrian right of way is accessible to individuals with Mobility Disabilities. The City denies these allegations and disputes that it has any liability or committed any wrongdoing.

This is a class action. In a class action, one or more people or organizations, called Class Representatives (in this case Artie Lashbrook ("Plaintiff")), sued on behalf of people who have similar legal claims. Plaintiff is a Class Member. One court resolves the issues for all Class Members. United States District Judge Nathanael M. Cousins is in charge of this class action.

The Court did not decide in favor of either Plaintiff or the City in this case. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of a trial, and settlement benefits go to the Class Members. The Class Representative and Class Counsel (the attorneys appointed by the Court to represent the Class) think the proposed settlement is in the best interests of the Class Members, taking into account the benefits of the settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if the litigation continues.

### THE SETTLEMENT CLASS

The Settlement Class includes all persons (including residents of and/or visitors to the City of San Jose) with any Mobility Disability, who, at any time prior to court judgment granting final approval to the settlement have been denied full and equal access to the City's pedestrian right of way due to the lack of a curb ramp or a curb ramp that was damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use.

### SUMMARY OF THE PROPOSED CONSENT DECREE

**The following is a summary of certain provisions of the proposed Consent Decree. The Consent Decree is available as set forth in the "Further Information" section below.**

The proposed Consent Decree requires the City of San Jose to make widespread accessibility improvements by constructing and remediating 27,621 Non-Compliant Curb Ramps, by the end of 2038.

The proposed Consent Decree requires the City to construct or remediate an average of 1,944 high priority curb ramps per year between the date that the settlement goes into effect and 2030, and an average of 807 low priority curb ramps per year for the years 2031 to 2038. To meet these construction deadlines, the City must appropriate $13,000,000 each fiscal year from the Effective Date of the settlement through 2030. Thereafter, the City must appropriate a minimum of ten (10) percent of the City's pavement budget toward the construction and remediation of curb ramps until the City fulfills its obligations under the proposed Consent Decree.

The City will create a Transition Plan that will include a schedule for constructing and remediating curb ramps consistent with the results of a comprehensive survey of the accessibility of its pedestrian right of way to people with Mobility Disabilities that the City conducted as part of the settlement negotiations that resulted in the proposed Consent Decree. The Transition Plan will also select priority locations for curb ramp construction and remediation as required by the ADA.

The proposed Consent Decree also commits the City to continue to maintain a system through which people with Mobility Disabilities may submit requests for construction of accessible curb ramps and remediation of inaccessible curb ramps. The City will use its best efforts to remediate or construct each requested accessible curb ramp within 120 days of the request, except in very limited circumstances.

The proposed Consent Decree also includes provisions for the Class Representative and Class Counsel (identified below) to monitor the City's compliance with the terms of the settlement and requires the City to issue annual reports documenting the construction and remediation of curb ramps under the proposed Consent Decree.

### RELEASE OF CLAIMS

The proposed Consent Decree resolves and releases through the end of the Term of the proposed Consent Decree, all claims for injunctive, declaratory, or other non-monetary relief that were brought, could have been brought, or could be brought in the future relating to or arising from any of the City's alleged actions, omissions, incidents, or conduct related to the installation, remediation, repair, or maintenance of curb ramps in the City's pedestrian rights-of-way. The proposed Consent Decree does not provide for any monetary relief to the Settlement Class, and it does not release any monetary claims that Settlement Class members may have. The releases do not apply to components of the City's sidewalk system other than curb ramps.

### PAYMENTS TO CLASS REPRESENTATIVE

Class Counsel will request that Plaintiff and Class Representative Artie Lashbrook receive a $5,000 service award, paid by the City, in recognition of the services he rendered to the Settlement Class. Plaintiff Lashbrook will also receive a damages payment of $50,000 in exchange for a release of his individual monetary claims, including actual and statutory damages claims, related to the physical and emotional injuries he suffered as a result of his personal encounters with Non-Compliant Curb Ramps in the City's pedestrian right of way. Both payments must be approved by the Court.

### REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES

The settlement class is represented by Goldstein, Borgen, Dardarian & Ho and the Civil Rights Education and Enforcement Center (collectively referred to as "Class Counsel"). The City will pay Class Counsel their reasonable attorneys' fees, expenses, and costs of $734,627.50 subject to the approval by the Court. Class Counsel shall also be entitled to reasonable attorneys' fees and costs for monitoring the City's compliance with the settlement as set forth in the proposed Consent Decree. Plaintiff's fees, expenses, and costs for monitoring will be capped at $75,000

1

expiration of the Term of the proposed Consent Decree. Notwithstanding the fee provisions of the proposed Consent Decree, all fees awarded to Class Counsel are subject to approval by the Court.

## FAIRNESS OF SETTLEMENT

The Class Representative and Class Counsel have concluded that the terms and conditions of the proposed Consent Decree are fair, reasonable, adequate, and in the best interests of the Settlement Class. In reaching this conclusion, the Class Representative and Class Counsel have considered the benefits of the settlement, the possible outcomes of litigation of these issues, the expense and length of litigation, and actual and possible appeals.

## THE COURT'S FINAL APPROVAL/FAIRNESS HEARING

The Court has preliminarily approved the proposed Consent Decree, and has scheduled a "Final Approval" or "Fairness" hearing for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to decide whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, as a Settlement Class Member, you have the right to attend and be heard at this hearing, as specified in the next section below. At the hearing, the Court will consider any objections to the settlement. Judge Cousins will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also evaluate the agreed upon amount to award Class Counsel as reasonable attorneys' fees, costs and litigation expenses. We do not know how long this decision will take.

This hearing date is subject to change without further notice. If you wish to be informed of any changes to the schedule, please notify Class Counsel at the addresses listed in the next section below. You may also check www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose or the public court records on file in this action at https://www.pacer.gov/ for any updates.

## OBJECTIONS TO THE SETTLEMENT

If you do not want the proposed Consent Decree to be approved, you can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement or change the settlement; the Court can only approve or reject the settlement. If the Court denies approval, the Settlement Class will not get the curb ramp installation and remediation work set out in the proposed Consent Decree, and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Consent Decree must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number (Lashbrook v. City of San Jose, Case No. 5:20-cv-01236-NC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before August 14, 2020.

If you submit an objection, it should include the following information: (a) your name, address, and, if available, your telephone number and e-mail address; (b) if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (c) a statement identifying the specific grounds for your objections; and (d) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class.

**All objections must be submitted or postmarked on or before August 14, 2020.**

All objections should also be sent to Class Counsel at the following address:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

You may, but are not required to, appear at the Final Approval Hearing scheduled for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to have your objection heard by the Court.

**Any Class Member who does not object at or before the Final Approval Hearing will be deemed to have approved the settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the settlement .**

### IF YOU DO NOT OPPOSE THIS SETTLEMENT,
### YOU NEED NOT APPEAR OR FILE ANYTHING IN WRITING.

## BINDING EFFECT

The proposed Consent Decree, if given final approval by the Court, will bind all members of the Settlement Class. This will bar any person who is a member of the Settlement Class from prosecuting or maintaining any claim or action released under the terms of the proposed Consent Decree.

## FURTHER INFORMATION

This notice summarizes the proposed Consent Decree. For the precise and full terms and conditions of the settlement, please see the proposed Consent Decree available at www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose, by contacting Class Counsel at the addresses and phone numbers below, or by accessing the Court docket on this case through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.go v, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also obtain more detailed information about the settlement or a copy of the proposed Consent Decree from Class Counsel at any of the following addresses:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
(303) 757-7901
www.creeclaw.org

Class Members may also contact Class Counsel at the following toll-free number, 1-800-538-1467, to obtain further information about the settlement or settlement documents.

**Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement.**

To obtain copies of this Notice or the proposed Consent Decree in alternative accessible formats, please contact Class Counsel listed above.

**SJMN#6498201; June 30,July 7,14,21,2020**

## Legal Advertising and Public Notices

**Legal Notice**

Notice is hereby given that the undersigned intends to sell the personal property described below to enforce a lien imposed on said property. Pursuant to Lien Sale per California Self Storage Act Chapter 10. Undersigned will sell items at www.StorageTreasures.com sale by competitive bidding ending on August 4, 2020 at 10:00 am PST. Where said property has been stored and which are located at Arco's Self Storage 1357 San Mateo Ave South San Francisco CA 94066 County of San Mateo, State of California, Jamie Bustamante, Home, to be sold includes but not limited to personal property Misc. Boxes, Electronics, Camping, Furniture. Purchases must be paid at the time with cash only. All purchases are sold as is and must be removed within 24 hours of the time of sale. Sale subject to cancellation up to the time of sale, company reserves the right to refuse any online bids. Auction by StorageTreasures.com Phone(480) 397-6503
**SAACT#6061183**
**July 21,28,2020**

---

**Legal Notice**

**NOTICE OF PETITION TO ADMINISTER ESTATE OF GEORGE A. SABINO**
**Case Number: 20PR187966**
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of: George A. Sabino
A **Petition for Probate** has been filed by Jamie Sabino in the Superior Court of California, County of Santa Clara.
The Petition for Probate requests that Jamie Sabino be appointed as personal representative to administer the estate of the decedent.
The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.
**A hearing on the petition will be held in this court as follows:**
Date: 8/27/2020 Time: 9:01 a.m. Dept.: 13
Address of Court: Superior Court of California, County of Santa Clara, 191 N. First Street, San Jose, CA 95113.
**If you object** to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
**If you are a creditor or a contingent creditor of the decedent**, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the **later** of either (1) **four months** from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) **60 days** from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code. **Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**
**You may examine the file kept by the court.** If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
Attorney for petitioner: Jessica L. Brown, Esq. Aaron, Riechert, Carpol & Riffle, APC 333 Twin Dolphin Dr., Ste. 350, Redwood City, CA 94065      (650) 366-4662
**SJMH#6503562; July 21,22,28,2020**

---

**Legal Notice**

**NOTICE OF PETITION TO ADMINISTER ESTATE OF ROBERT J. SLIGER aka ROBERT SLIGER aka BOB SLIGER**
**CASE NUMBER: 20PR188284**
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both of: Robert J. Sliger aka Robert Sliger aka Bob Sliger

A Petition for Probate has been filed by: Patricia M. Bye in the Superior Court of California, County of Santa Clara.
The Petition for Probate requests that: Patricia M. Bye be appointed as personal representative to administer the estate of the decedent.

The petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.
The petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

**A hearing on the petition will be held in this court as follows:**
Date: 9/3/2020       Time: 9:01 am       Dept: 13
                    Address of court:
**Superior Court of California**
**County of Santa Clara**
**191 North First Street, San Jose, CA 95113**
                    Downtown Courthouse
**If you object** to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
**If you are a creditor or a contingent creditor of the decedent**, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) **four months** from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) **60 days** from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
**Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**
**You may examine the file kept by the court.** If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A Request for Special Notice form is available from the court clerk.
Attorney for petitioner:
Matthew A. Crosby, CSB #076524
Crosby & Crosby, A Professional Law Corp.
1570 The Alameda, Suite 200
San Jose, CA 95126          408-370-7500
**SJMN#6503341; July 21,22,28,2020**

---

**Legal Notice**

**NOTICE OF PETITION TO ADMINISTER ESTATE OF: WESLEY W. MELLGAARD**
**CASE NUMBER: 20PR188236**
To all heirs, beneficiaries, creditors, contingent creditors, and persons who may otherwise be interested in the will or estate, or both, of: WESLEY W. MELLGAARD

A **Petition for Probate** has been filed by: GINA R. WILLMAIER in the Superior Court of California, County of Santa Clara.

The Petition for Probate requests that GINA R. WILLMAIER be appointed as personal representative to administer the estate of the decedent.

The Petition requests the decedent's will and codicils, if any, be admitted to probate. The will and any codicils are available for examination in the file kept by the court.
The Petition requests authority to administer the estate under the Independent Administration of Estates Act. (This authority will allow the personal representative to take many actions without obtaining court approval. Before taking certain very important actions, however, the personal representative will be required to give notice to interested persons unless they have waived notice or consented to the proposed action.) The independent administration authority will be granted unless an interested person files an objection to the petition and shows good cause why the court should not grant the authority.

**A hearing on the petition will be held in this court as follows:**
Date: 08/31/2020   Time: 9:01 AM   Dept.: 13
                    PROBATE
**If you object** to the granting of the petition, you should appear at the hearing and state your objections or file written objections with the court before the hearing. Your appearance may be in person or by your attorney.
**If you are a creditor or a contingent creditor of the decedent**, you must file your claim with the court and mail a copy to the personal representative appointed by the court within the later of either (1) **four months** from the date of first issuance of letters to a general personal representative, as defined in section 58(b) of the California Probate Code, or (2) **60 days** from the date of mailing or personal delivery to you of a notice under section 9052 of the California Probate Code.
**Other California statutes and legal authority may affect your rights as a creditor. You may want to consult with an attorney knowledgeable in California law.**
**You may examine the file kept by the court.** If you are a person interested in the estate, you may file with the court a Request for Special Notice (form DE-154) of the filing of an inventory and appraisal of estate assets or of any petition or account as provided in Probate Code section 1250. A **Request for Special Notice** form is available from the court clerk.
Attorney For Petitioner:
Thomas N. Perkins
4115 Blackhawk Plaza Circle
Danville, CA 94506          (925) 648-2003
**SJMN#; July 21,22,28,2020**

---

**Legal Notice**

**STATEMENT OF ABANDONMENT OF USE OF FICTITIOUS BUSINESS NAME**
File No. **FBN669991**
The following person(s) (registrant): has/have abandoned the use of the fictitious business name(s). FICTITIOUS BUSINESS NAME(S): EATSERVIO #6814, TBEX TEA, #93 East Calaveras Boulevard, Milpitas, CA 95035. FILED IN SANTA CLARA COUNTY ON 03/06/2018 UNDER FILE NO. FBN638735. FULL NAME of Registrant(s): Rick Van Tran, EWC, Inc. 2060 Stierlin Court Ste 4, Mountain View, CA 94043. This business is conducted by: a corporation. I declare that all information in this statement is true and correct. /s/ Nhu Huynh Nguyen This statement was filed with the Clerk-Recorder of Santa Clara Co. on 06/30/2020. Regina Alcomendras, County Clerk Recorder
By: /s/ Elaine Fader, Deputy
File No.: **FBN669991**
**SJMN#6505091**
**June 30,**
**July 7,14,21,2020**

---

**Legal Notice**

**SUMMONS (Family Law)**
**NOTICE TO RESPONDENT (Name):** William Allan Bagley
**AVISO AL DEMANDADO (Nombre):**

**You have been sued. Read the information below and on the next page.**
**Lo han demandado. Lea la información a continuación y en la página siguiente.**

Petitioner's name is: Anna Astsuko Katagiri, formerly known as Atsuko K. Bagley
Nombre del demandante:

**CASE NUMBER (NÚMERO DE CASO): 19TRFL01437**

You have **30 calendar days** after this Summons and Petition are served on you to file a Response (Form FL-120 or FL-123) at the court and have a copy served on the petitioner. A letter, phone call, or court appearance will not protect you.

If you do not file your Response on time, the court may make orders affecting your marriage or domestic partnership, your property, and custody of your children. You may be ordered to pay support and attorney fees and costs.

For legal advice, contact a lawyer immediately, Get help finding a lawyer at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), at the California Legal Services Website (www.lawhelpca.org), or by contacting your local county bar association.

**NOTICE—RESTRAINING ORDERS ARE ON PAGE 2:**
These restraining orders are effective against both spouses or domestic partners until the petition is dismissed, a judgment is entered, or the court makes further orders. They are enforceable anywhere in California by any law enforcement officer who has received or seen a copy of them.

**FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. The court may order you to pay back all or part of the fees and costs that the court waived for you or the other party.

Tiene **30 días de calendario** después de haber recibido la entrega legal de esta Citación y Petición para presentar una Respuesta (formulario FL-120 o FL-123) ante la corte y efectuar la entrega legal de una copia al demandante. Una carta o llamada telefónica o una audiencia de la corte no basta para protegerlo.

Si no presenta su Respuesta a tiempo, la corte puede dar órdenes que afecten su matrimonio o pareja de hecho, sus bienes y la custodia de sus hijos. La corte también le puede ordenar que pague manutención, y honorarios y costos legales.

Para asesoramiento legal, póngase en contacto de inmediato con un abogado. Puede obtener información para encontrar un abogado en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en el sitio web de los Servicios Legales de California (www.lawhelpca.org) o poniéndose en contacto con el colegio de abogados de su condado.

**AVISO—LAS ÓRDENES DE RESTRICCIÓN SE ENCUENTRAN EN LA PÁGINA 2:**
Las órdenes de restricción están en vigencia en cuanto a ambos cónyuges o miembros de la pareja de hecho hasta que se despida la petición, se emita un fallo o la corte dé otras órdenes. Cualquier agencia del orden público que haya recibido o visto una copia de estas órdenes puede hacerlas acatar en cualquier lugar de California.

**EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario un formulario de exención de cuotas. La corte puede ordenar que usted pague, ya sea en parte o por completo, las cuotas y costos de la corte previamente exentos a petición de usted o de la otra parte.

1. The name and address of the court are (El nombre y dirección de la corte son): Superior Court of California
County of Los Angeles
825 Maple Ave., Torrance, CA 90503

2. The name, address, and telephone number of the petitioner's attorney, or the petitioner without an attorney, are: (El nombre, dirección y número de teléfono del abogado del demandante, o del demandante si no tiene abogado, son): Edward S. Muzurchi,
Marshall Suzuki Law Group, LLP
230 California Street, Suite 415, San Francisco, CA 94111
Tel: 415-618-0090
Date (Fecha): Dec 12, 2019
Sherri Carter, Clerk, by (Secretario, por) J. Preciado, Deputy (Asistente)

**STANDARD FAMILY LAW RESTRAINING ORDERS**
**Starting immediately, you and your spouse or domestic partner are restrained from:**

1. removing the minor children of the parties from the state or applying for a new or replacement passport for those minor children without the prior written consent of the
other party or an order of the court;

2. cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties and their minor children;

3. transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court, except in the usual course of business or for the necessities of life; and

4. creating a nonprobate transfer or modifying a nonprobate transfer in a manner that affects the disposition of property subject to the transfer, without the written consent of the other party or an order of the court. Before revocation of a nonprobate transfer can take effect or a right of survivorship to property can be eliminated, notice of the change must be filed and served on the other party.

You must notify each other of any proposed extraordinary expenditures at least five business days prior to incurring these extraordinary expenditures and account to the court for all extraordinary expenditures made after these restraining orders are effective. However, you may use community property, quasi-community property, or your own separate property to pay an attorney to help you or to pay court costs.

**NOTICE—ACCESS TO AFFORDABLE HEALTH INSURANCE:** Do you or someone in your household need affordable health insurance? If so, you should apply for Covered California. Covered California can help reduce the cost you pay towards high quality affordable health care. For more information, visit www.coveredca.com . Or call Covered California at 1-800-300-1506.

**WARNING—IMPORTANT INFORMATION**
**California law provides that, for purposes of division of property upon dissolution of a marriage or domestic partnership or upon legal separation, property acquired by the parties during marriage or domestic partnership in joint form is presumed to be community property. If a party to this action wishes to preserve any separate property claim to any property acquired during the marriage, he or she must notify the other party in writing through a declaration of disclosure of property acquired during the marriage, or by a written agreement between the parties. In order to preserve a separate property claim, the party claiming the separate property interest must act before the matter goes to trial.**

**ORDENES DE RESTRICCIÓN ESTÁNDAR DE DERECHO FAMILIAR**
**En forma inmediata, usted y su cónyuge o pareja de hecho tienen prohibido:**
1. llevarse del estado de California a los hijos menores de las partes, o solicitar un pasaporte nuevo o de repuesto para los hijos menores, sin el consentimiento previo por escrito de la otra parte o sin una orden de la corte;

2. cobrar, pedir prestado, cancelar, transferir, deshacerse o cambiar el nombre de los beneficiarios de cualquier seguro u otro tipo de cobertura, como de vida, salud, vehículo y discapacidad, que tenga como beneficiarios(s) a las partes y a su(s) hijo(s) menor(es);

3. transferir, gravar, hipotecar, ocultar o deshacerse de cualquier manera de cualquier propiedad, inmueble o personal, ya sea comunitaria, cuasicomunitaria o separada, sin el consentimiento escrito de la otra parte o una orden de la corte, excepto en el curso normal de actividades personales y del negocio; y

4. crear o modificar una transferencia no testamentaria de manera que afecte la asignación de una propiedad sujeta a una transferencia, sin el consentimiento escrito de la otra parte o una orden de la corte. Antes de que se pueda eliminar o modificar la revocación de una transferencia no testamentaria, se debe presentar ante la corte un aviso del cambio y hacer la entrega legal de dicho aviso a la otra parte.

Cada parte tiene que notificar a la otra sobre cualquier gasto extraordinario propuesto por lo menos cinco días hábiles antes de realizarlo, y rendir cuenta a la corte de todos los gastos extraordinarios realizados después de que estas órdenes de restricción hayan entrado en vigencia. No obstante, puede usar propiedad comunitaria, cuasicomunitaria o suya separada para pagar a un abogado que le ayude o para pagar los costos de la corte.

**AVISO—ACCESO A SEGURO DE SALUD MÁS ECONÓMICO:** ¿Necesita seguro de salud a un costo asequible, ya sea para usted o alguien en su hogar? Si es así, puede presentar una solicitud con Covered California. Covered California le puede ayudar a reducir el costo que paga por seguro de salud asequible y de alta calidad. Para obtener más información, visite www.coveredca.com . O llame a Covered California al 1-800-300-1213.

**ADVERTENCIA—INFORMACIÓN IMPORTANTE**
De acuerdo a la ley de California, las propiedades adquiridas por las partes durante el matrimonio o pareja de hecho en forma conjunta se consideran propiedad comunitaria para fines de la división de bienes que ocurre cuando se produce una disolución o separación legal del matrimonio o pareja de hecho. Si cualquiera de las partes de este caso desea preservar cualquier reclamo de propiedad separada o comunitaria de tenencia conjunta, o deshacerse de cualquier reclamo de propiedad separada, deberá conjunta, o separada deberá notificar la otra parte (alguien de este caso), y declarar sus reclamos de propiedad separada, si se quiere deshacer de cualquier reclamo de propiedad separada, deberá actuar antes de que el caso vaya a juicio.
**SJMN#6501340 July 14,21,28,August 4,2020**

**Legal Notice**

**SUPERIOR COURT OF CALIFORNIA COUNTY OF SANTA CLARA PETITION OF DENIS MARLON CASTILLO FOR CHANGE OF NAME ORDER TO SHOW CAUSE FOR CHANGE OF NAME CASE NUMBER 20CV367982**

TO ALL INTERESTED PERSONS:
Denis Marlon Castillo filed a petition with this court for a decree changing names as follows: Present name: Denis Marlon Castillo to Proposed name: Dennis Marlon Cruz

THE COURT ORDERS that all persons interested in this matter appear before this court at the hearing indicated below to show cause, if any, why the petition for change of name should not be granted. Any person objecting to the name changes described above must file a written objection that includes the reasons for the objection at least two court days before the matter is scheduled to be heard and must appear at the hearing to show cause why the petition should not be granted. If no written objection is timely filed, the court may grant the petition without a hearing.

**NOTICE OF HEARING**
**Date: Sept. 1, 2020, 8:45 AM, Room: Probate**
**Superior Court of California, County of Santa Clara 191 N. First Street, San Jose, CA 95113**
A copy of this Order to Show Cause shall be published at least once each week for four successive weeks prior to the date set for hearing on the petition in the following newspaper of general circulation, printed in this county, San Jose Mercury News.
Date: Jul 09,2020       /s/ Julie A. Emede,
                        JUDGE OF THE SUPERIOR COURT
**SJMN#6501563; July 14,21,28,Aug 4,2020**

---

**Legal Notice**

**CITACIÓN (Derecho familiar)**

---

**Legal Notice**

**SUMMARY OF PROPOSED CONSENT DECREE**

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT**

ATTENTION: ALL PERSONS WITH A MOBILITY DISABILITY: If you have used, or attempted to use, pedestrian rights-of-way in the City of San Jose and have encountered corners on sidewalks or pedestrian walkways which were not level or smooth, lacked curb ramps, or had curb ramps which were missing or in need of repair, or otherwise in a condition not suitable or sufficient for use ("Non-Compliant Curb Ramps"), you may be a member of the proposed Settlement Class affected by this lawsuit. This is a court-authorized notice.

A "Mobility Disability" means any impairment or medical condition which limits a person's ability to walk, ambulate, maneuver around objects, or ascend or descend steps or slopes. A person with a Mobility Disability may or may not use a wheelchair, scooter, electric personal assisted mobility device, crutches, walker, cane, brace, orthopedic device, or similar equipment or device to assist their navigation along a pedestrian walkway, or may be semi-ambulatory.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY BE AFFECTED BY LEGAL PROCEEDINGS IN THIS CASE.

**NOTICE OF CLASS ACTION**
The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought on behalf of persons with Mobility Disabilities against the City of San Jose. The proposed class action settlement is set out in a document called a "proposed Consent Decree". The proposed Consent Decree, which must be approved by the United States District Court before it goes into effect, was reached in the case entitled Lashbrook v. City of San Jose, Case No. 520-cv-01236-NC, pending in the United States District Court for the Northern District of California.

**BASIC INFORMATION**
This lawsuit alleges that the City of San Jose ("City") violated federal and state disability access laws by allegedly failing to ensure that its pedestrian right of way contains curb ramps that are necessary to ensure that the pedestrian right of way is accessible to individuals with Mobility Disabilities. The City denies these allegations and disputes that it has any liability or committed any wrongdoing.

This is a class action. In a class action, one or more people or organizations, called Class Representatives (in this case Julie Lashbrook ["Plaintiff"]), sue on behalf of people who have similar legal claims. Plaintiff is a Class Member. One court resolves the issues for all Class Members. United States District Judge Nathanael M. Cousins is in charge of this class action.
The Court did not decide in favor of either Plaintiff or the City in this case. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of a trial, and settlement benefits go to the Class Members. The Class Representative and Class Counsel (the attorneys appointed by the Court to represent the Class) think the proposed settlement is in the best interests of the Class Members. The settlement does not mean that the City or any other defendant violated any laws or did anything wrong. The City is not admitting liability. The City is paying to obtain the release of the claims of the litigation continues.

**THE SETTLEMENT CLASS**
The Settlement Class includes all persons (including residents of and/or visitors to the City of San Jose) with any Mobility Disability, who, at any time prior to court judgment granting final approval to the settlement have been denied full and equal access to the City's pedestrian right of way due to the lack of a curb ramp or a curb ramp that was damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use.

**SUMMARY OF THE PROPOSED CONSENT DECREE**
The following is a summary of certain provisions of the proposed Consent Decree. The Consent Decree is available as set forth in the "Further Information" section below.

The proposed Consent Decree requires the City of San Jose to make widespread accessibility improvements by constructing and remediating 27,621 Non-Compliant Curb Ramps, by the end of 2036.

The proposed Consent Decree requires the City to construct or remediate an average of 1,944 high priority curb ramps per year between the date that the settlement goes into effect and 2030, and an average of 807 low priority curb ramps per year for years 2031 to 2036. To meet these construction commitments, the City must spend a total of $110 million over the term from the Effective Date of the settlement through 2036. Thereafter, the City must appropriate a minimum of ten (10) percent of the City's pavement budget toward the construction and remediation of curb ramps until the City fulfills its obligations under the proposed Consent Decree.

The City will create a Transition Plan that will include a schedule for constructing and remediating curb ramps consistent with the results of a comprehensive survey of the City's pedestrian right of way. The City will post on its website a Mobility Disabilities that the City construct or remediate as part of the settlement negotiations that resulted in the proposed Consent Decree. The Transition Plan will also select priority locations for curb ramp construction and remediation as required by the ADA.

The proposed Consent Decree also commits the City to continue to maintain a system through which people with Mobility Disabilities may submit requests for construction of accessible curb ramps and remediation of inaccessible curb ramps. The City can set up its own method to remediate or construct each requested accessible curb ramp within 120 days of the request, except in very limited circumstances.

The proposed Consent Decree also includes provisions for the Class Representative and Class Counsel (identified below) to monitor the City's compliance with the terms of the settlement and requires the City to issue annual reports documenting the construction and remediation of curb ramps under the proposed Consent Decree.

**RELEASE OF CLAIMS**
The proposed Consent Decree resolves and releases through the end of the Term of the proposed Consent Decree, all claims for injunctive, declaratory, or other non-monetary relief that were brought, could have been brought, or could be brought in the future relating to or arising from any of the City's alleged actions, omissions, incidents, or conduct related to the installation, remediation, repair, or maintenance of curb ramps in the City's pedestrian rights-of-way. The proposed Consent Decree does not provide for any monetary relief to the Class Members and it does not release any monetary claims that Settlement Class members may have. The releases do not apply to components of the City's sidewalk system other than curb ramps.

**PAYMENTS TO CLASS REPRESENTATIVE**
Class Counsel will request that Plaintiff and Class Representative Julie Lashbrook receive a $5,000 service award, paid by the City, in recognition of the services she rendered to the Settlement Class. Plaintiff will also receive a damages payment of $50,000 in exchange for a release of his individual monetary claims, including actual and statutory damages claims, related to the physical and emotional injury he allegedly suffered as a result of his personal encounters with Non-Compliant Curb Ramps in the City's pedestrian right of way. Both payments must be approved by the Court.

**REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES**
The settlement class is represented by Goldstein, Borgen, Dardarian & Ho and the Civil Rights Education and Enforcement Center (collectively referred to as "Class Counsel"). The City will pay Class Counsel their reasonable attorneys' fees, expenses, and costs of $734,627.50 subject to the approval by the Court. Class Counsel shall also be entitled to reasonable attorneys' fees and costs for monitoring the City's compliance with the settlement as set forth in the proposed Consent Decree. Plaintiff's fees, expenses, and costs for monitoring will be capped at $75,000 for the years 2020 through 2027, and $40,000 per year for the years 2021 through the expiration of the Term of the proposed Consent Decree. Notwithstanding these fee provisions of the proposed Consent Decree, Class Counsel will be awarded to Class Counsel is subject to approval by the Court.

**FAIRNESS OF SETTLEMENT**
The Class Representative and Class Counsel have concluded that the terms and conditions of the proposed Consent Decree are fair, reasonable, adequate, and in the best interests of the Settlement Class. In reaching this conclusion, the Class Representative and Class Counsel have considered the benefits of the settlement, the possible outcomes of litigation of these issues, the expense and length of litigation, and actual and possible appeals.

**THE COURT'S FINAL APPROVAL/FAIRNESS HEARING**
The Court has preliminarily approved the proposed Consent Decree, and has scheduled a "Final Approval" or "Fairness" hearing for **September 2, 2020 at 1:00 PM** at 280 South First Street, San Jose, California 95113, Courtroom 5, 4th Floor, to decide whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, as a Settlement Class Member, you have the right to attend and be heard at this hearing, as specified in the next section. At the hearing, the Court will consider any objections to the settlement. Judge Cousins will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also evaluate the agreed upon amount to be awarded as Class Counsel as set forth above, and/or to be awarded to Class Counsel for monitoring, and payments to the Class Representative. We do not know how long these decisions will take.

This hearing date is subject to change without further notice. If you wish to be informed of any changes to the schedule, please notify Class Counsel at the addresses listed in the next section. below. You may also check the court's website and/or www.goldsteinborgen.com/lashbrook-v-city-of-san-jose for information about the hearing date.

**OBJECTIONS TO THE SETTLEMENT**
If you do not want the proposed Consent Decree to be approved, you can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement; the Court can only approve or reject this settlement. If the Court denies approval, no accessibility improvements through the settlement will be made and no money will be paid out as a result of the settlement. Instead, the case will proceed and the City and parties will continue to litigate. If that is what you want to happen, you must object.

Any objection to the proposed Consent Decree must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number Lashbrook v. City of San Jose, Case No. 520-cv-01236-NC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before August 14, 2020.

If you submit an objection, it should include the following information: (a) your name, address, and, if available, your telephone number and e-mail address; (b) if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (c) a statement identifying the specific grounds for your objections; and (d) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class.

**All objections must be submitted or postmarked on or before August 14, 2020.**

Any objections should be sent to Class Counsel at the following addresses:
Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800

You may, but are not required to, also appear at the Final Approval Hearing scheduled for **September 2, 2020 at 1:00 PM** at 280 South First Street, San Jose, California 95113, Courtroom 5, 4th Floor, to present your objection to the Court.

Any Class Member who does not object or at before the Final Approval Hearing will be deemed to have approved the settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the settlement.

**IF YOU DO NOT OPPOSE THE SETTLEMENT, YOU NEED NOT APPEAR OR FILE ANYTHING IN WRITING.**

**BINDING EFFECT**
The proposed Consent Decree, if given final approval by the Court, will bind all members of the Settlement Class. This will bar any person who is a member of the Settlement Class from prosecuting or maintaining any claim or action related to the terms of the proposed Consent Decree.

**FURTHER INFORMATION**
This notice summarizes the proposed Consent Decree. For the precise and full terms and conditions of the settlement, please see the proposed Consent Decree available at www.goldsteinborgen.com/lashbrook-v-city-of-san-jose, by contacting Class Counsel at the addresses and phone numbers below, or by accessing the Court docket on this case through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.go v, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also obtain more detailed information about the settlement or a copy of the proposed Consent Decree from Class Counsel at any of the following addresses:
Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
(303) 757-7901
www.creeclaw.org

The Class Members may also contact Class Counsel at the following toll-free number, 1-800-559-5425, to obtain information about the proposed Consent Decree.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT.**

To obtain copies of this notice or the proposed Consent Decree in an alternative accessible format, please contact Class Counsel listed above.
**SJMN#6498201; June 30,July 7,14,21,2020**

**THE RECYCLE PATH**

Recycling is like exercise – it makes the environment healthier.
Remember to recycle today's newspaper.

BayArea NewsGroup

# EXHIBIT B

<u>AVISO DE LA SOLUCIÓN PROPUESTA PARA LA DEMANDA COLECTIVA</u>

ATENCIÓN: TODAS LAS PERSONAS CON DISCAPACIDADES DE MOVILIDAD: Si ha usado, o intentado usar, los derechos de paso de los peatones en la Ciudad de San José y se ha encontrado con que faltan rampas en las aceras u otras vías peatonales, o que las rampas están dañadas, necesitan reparación o están en condiciones no adecuadas o suficientes para su uso ("Rampas inadecuadas para el paso"), puede que sea un miembro del Grupo del acuerdo propuesto afectado por esta demanda. Este es un aviso autorizado por el tribunal.

Una "Discapacidad de movilidad" significa cualquier impedimento o afección médica que limite la capacidad de una persona para caminar, desplazarse, maniobrar objetos, o subir o bajar escaleras o pendientes. Una persona con una Discapacidad de movilidad puede o no usar una silla de ruedas, un scooter, un dispositivo eléctrico de movilidad personal asistida, muletas, un andador, un bastón, una férula, un dispositivo ortopédico o un equipo o dispositivo similar para ayudar a su circulación a lo largo de un camino peatonal, o puede ser semiambulatoria.

LEA ESTE AVISO CON ATENCIÓN. SUS DERECHOS PUEDEN
VERSE AFECTADOS POR LOS PROCEDIMIENTOS LEGALES EN ESTE CASO.

<u>AVISO DE LA DEMANDA COLECTIVA</u>

El propósito de este aviso es informarle de un acuerdo propuesto en una demanda colectiva pendiente presentada en nombre de personas con discapacidades de movilidad contra la Ciudad de San José. El acuerdo propuesto para la demanda colectiva se establece en un documento llamado "Decreto de consentimiento propuesto". El Decreto de consentimiento propuesto, que debe ser aprobado por el Tribunal de Distrito de los Estados Unidos antes de entrar en vigor, se alcanzó en el caso titulado *Lashbrook contra la Ciudad de San José*, Caso No. 5:20-cv-01236-NC, pendiente en el Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California.

<u>INFORMACIÓN BÁSICA</u>

En esta demanda se alega que la Ciudad de San José ("Ciudad") violó las leyes federales y estatales de acceso para discapacitados al no asegurar supuestamente que su derecho de paso de los peatones contenga las rampas necesarias para asegurar que el derecho de paso de los peatones sea accesible a las personas con discapacidades de movilidad. La Ciudad niega estas acusaciones y rechaza tener cualquier responsabilidad o haber cometido cualquier irregularidad.

Esta es una demanda colectiva. En una demanda colectiva, una o más personas u organizaciones, llamadas Representantes del grupo (en este caso Artie Lashbrook ["Demandante"]), demandaron en nombre de personas que tienen demandas legales similares. El Demandante es un Miembro del grupo. Un tribunal resuelve los asuntos para todos los Miembros del grupo. El juez de distrito de los Estados Unidos, Nathanael M. Cousins, está a cargo de esta demanda colectiva.

El Tribunal no falló a favor del Demandante ni de la Ciudad en este caso. En su lugar, ambas partes aceptaron un acuerdo. De esa manera, evitan el costo, la demora y la incertidumbre de un juicio, y los beneficios del acuerdo van a los Miembros del grupo. El Representante del grupo y los Abogados del grupo (los abogados designados por el Tribunal para representar al Grupo) consideran que el acuerdo propuesto es lo mejor para los Miembros del grupo, teniendo en cuenta los beneficios del acuerdo,

784958.2

los riesgos de la continuación del litigio y la demora en la obtención de la reparación para el Grupo si el litigio continúa.

GRUPO DEL ACUERDO

El Grupo del acuerdo incluye a todas las personas (incluidos los residentes o visitantes de la Ciudad de San José) con alguna Discapacidad de movilidad, a quienes, en cualquier momento antes de la sentencia del tribunal que otorgue la aprobación definitiva del acuerdo, se les ha negado el acceso pleno e igualitario al derecho de paso de los peatones de la Ciudad debido a la falta de una rampa o una rampa de acceso que haya sido dañada, que necesite reparación o que de alguna otra manera esté en una condición no adecuada o suficiente para su uso.

RESUMEN DEL DECRETO DE CONSENTIMIENTO PROPUESTO

**A continuación se resumen algunas disposiciones del Decreto de consentimiento propuesto. El Decreto de consentimiento puede consultarse en la sección "Información adicional" que figura a continuación.**

El Decreto de consentimiento propuesto exige que la Ciudad de San José realice amplias mejoras de accesibilidad mediante la construcción y reparación de 27,621 rampas inadecuadas para el paso, para finales de 2038.

El Decreto de consentimiento propuesto requiere que la Ciudad construya o repare un promedio de 1,944 rampas de alta prioridad por año entre la fecha en que el acuerdo entre en vigor y 2030, y un promedio de 807 rampas de baja prioridad por año para los años 2031 a 2038. Para cumplir con estos plazos de construcción, la Ciudad debe destinar $13,000,000 cada año fiscal desde la Fecha de entrada en vigor del acuerdo hasta el 2030. A partir de entonces, la Ciudad debe destinar un mínimo del diez (10) por ciento del presupuesto de pavimento de la Ciudad a la construcción y reparación de rampas de acera hasta que la Ciudad cumpla con sus obligaciones en virtud del Decreto de consentimiento propuesto.

La Ciudad creará un Plan de transición que incluirá un calendario para la construcción y reparación de las rampas de acuerdo con los resultados de una encuesta integral sobre la accesibilidad al derecho de paso de los peatones a las personas con Discapacidades de movilidad que la Ciudad llevó a cabo como parte de las negociaciones del acuerdo que dieron como resultado el Decreto de consentimiento propuesto. El Plan de transición también seleccionará los lugares prioritarios para la construcción y la reparación de las rampas, según lo dispuesto por la Ley sobre Estadounidenses con Discapacidades (Americans with Disabilities Act, ADA).

El Decreto de consentimiento propuesto también compromete a la Ciudad a continuar manteniendo un sistema a través del cual las personas con Discapacidades de movilidad pueden presentar solicitudes para la construcción de rampas y la reparación de rampas inaccesibles. La Ciudad hará todo lo posible para reparar o construir cada rampa solicitada en un plazo de 120 días a partir de la solicitud, excepto en circunstancias muy limitadas.

El Decreto de consentimiento propuesto también incluye disposiciones para que el Representante del grupo y los Abogados del grupo (identificados a continuación) monitoreen el cumplimiento de la Ciudad en relación con los términos del acuerdo y requiere que la Ciudad emita informes anuales que documenten la construcción y la reparación de las rampas en virtud del Decreto de consentimiento propuesto.

2

784958.2

## EXENCIÓN DE RECLAMACIONES

El Decreto de consentimiento propuesto resuelve y exime hasta el final del plazo del Decreto de consentimiento propuesto, todas las reclamaciones por desagravio por mandato judicial, declaratorio o de otro tipo no monetario que se presentaron, podrían haberse presentado o podrían presentarse en el futuro en relación con cualquiera de las presuntas acciones, omisiones, incidentes o conductas de la Ciudad relacionados con la instalación, reparación o mantenimiento de rampas en los derechos de paso de los peatones de la Ciudad. El Decreto de consentimiento propuesto no proporciona ninguna compensación monetaria al Grupo del acuerdo, y no libera ningún reclamo monetario que los miembros del Grupo del acuerdo puedan tener. Las exenciones no se aplican a los componentes del sistema de aceras de la Ciudad que no sean las rampas.

## PAGOS AL REPRESENTANTE DEL GRUPO

Los Abogados del grupo solicitarán que el Demandante y Representante del grupo, Artie Lashbrook, reciba una compensación por servicios de $5,000, pagada por la Ciudad, en reconocimiento a los servicios que prestó al Grupo del acuerdo. El Demandante Lashbrook también recibirá un pago por daños y perjuicios de $50,000 a cambio de la exención de sus reclamaciones monetarias individuales, incluidas las reclamaciones por daños y perjuicios reales y estatutarios, relacionadas con las lesiones físicas y emocionales que sufrió como resultado de sus encuentros personales con las Rampas inadecuadas para el paso en el derecho de paso de los peatones de la Ciudad. Ambos pagos deben ser aprobados por el Tribunal.

## HONORARIOS, COSTOS Y GASTOS RAZONABLES DE LOS ABOGADOS

El grupo del acuerdo está representado por Goldstein, Borgen, Dardarian & Ho y el Centro de Educación y Aplicación de los Derechos Civiles (denominados en conjunto, "Abogado del grupo"). La Ciudad pagará a los Abogados del grupo sus honorarios razonables, gastos y costos de $734,627.50, sujeto a la aprobación del Tribunal. Los Abogados del grupo también tendrán derecho a recibir los honorarios razonables de los abogados y los costos para supervisar el cumplimiento de la Ciudad con el acuerdo como se establece en el Decreto de consentimiento propuesto. Los honorarios, gastos y costos del Demandante para el monitoreo tendrán un límite máximo de $75,000 para los años 2020 a 2022, y un límite máximo de $50,000 por año para los años 2023 hasta el vencimiento del plazo del Decreto de consentimiento propuesto. No obstante las disposiciones de honorarios del Decreto de consentimiento propuesto, todos los honorarios otorgados a los Abogados del grupo están sujetos a la aprobación del Tribunal.

## EQUIDAD DEL ACUERDO

El Representante del grupo y los Abogados del grupo han llegado a la conclusión de que los términos y condiciones del Decreto de consentimiento propuesto son justos, razonables, adecuados y redundan en beneficio del Grupo del acuerdo. Para llegar a esta conclusión, el Representante del grupo y los Abogados del grupo han considerado los beneficios del acuerdo, los posibles resultados del litigio de estos asuntos, los gastos y la duración del litigio, y las apelaciones reales y posibles.

## APROBACIÓN FINAL DEL TRIBUNAL/AUDIENCIA DE JUSTICIA

La Corte ha aprobado preliminarmente el Decreto de consentimiento propuesto, y ha programado una audiencia de "Aprobación final" o "Equidad" para el **02 de septiembre de 2020 a la 1:00 p. m.**, 280 South 1st Street, San Jose, California 95113, Courtroom 5 para decidir si el acuerdo propuesto es justo, razonable y adecuado, y si debe aprobarse finalmente. Si bien no está obligado a asistir, como Miembro del grupo del acuerdo, tiene derecho a asistir y a ser escuchado en esta audiencia, como se especifica en la siguiente sección. En la audiencia, el Tribunal considerará cualquier objeción a la conciliación. El juez Cousins escuchará a las personas que han solicitado hablar en la audiencia. Después de la audiencia, el Tribunal decidirá si aprueba el acuerdo. El Tribunal también evaluará la cantidad acordada para otorgar a los Abogados del grupo como honorarios razonables de abogados, costos y gastos de litigio. No sabemos cuánto tiempo tomará esta decisión.

La fecha de la audiencia está sujeta a cambios sin previo aviso. Si desea que se le informe cualquier cambio en el programa, notifique a los abogados del grupo en las direcciones que se indican en la siguiente sección. También puede consultar www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose o los registros del tribunal público archivados en esta acción en https://www.pacer.gov/ para conocer cualquier actualización.

## OBJECIONES AL ACUERDO

Si no quiere que se apruebe el Decreto de consentimiento propuesto, puede pedir al Tribunal que deniegue la aprobación a través de la presentación de una objeción. No puede pedir al Tribunal que ordene un acuerdo diferente o que cambie el acuerdo; el Tribunal solo puede aprobar o rechazar el acuerdo. Si el Tribunal deniega la aprobación, el Grupo del acuerdo no obtendrá la instalación de la rampa y los trabajos de reparación establecidos en el Decreto de consentimiento propuesto, y la demanda continuará. Si eso es lo que quiere que ocurra, debe objetar.

Cualquier objeción al Decreto de consentimiento propuesto debe hacerse por escrito. Si presenta una objeción escrita a tiempo, puede, pero no está obligado, a presentarse en la Audiencia de aprobación definitiva, ya sea en persona o a través de su propio abogado. Si comparece a través de su propio abogado, usted es responsable de contratar y pagar a ese abogado.

Todas las objeciones escritas y los documentos de apoyo deben (a) identificar claramente el nombre y el número del caso (*Lashbrook contra la Ciudad de San José*, Caso No. 5:20-cv-01236-NC), (b) presentarse al Tribunal ya sea a través del correo al secretario de la demanda colectiva, del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California, 280 South 1st Street, San José, California, 95113 o en persona en cualquier ubicación del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California, y (c) presentarse o llevar el sello postal el 14 de agosto de 2020 o antes.

Si presenta una objeción, deberá incluir la siguiente información: (a) su nombre, dirección y, de estar disponible, su número de teléfono y dirección de correo electrónico; (b) si está siendo representado por un abogado, el nombre, dirección, número de teléfono y dirección de correo electrónico de su abogado; (c) una declaración que identifique los motivos específicos de sus objeciones; y (d) una declaración de si su objeción se aplica solo a usted, a un subconjunto específico del grupo o al grupo entero.

**Todas las objeciones deben presentarse o llevar el sello postal el 14 de agosto de 2020 o antes.**

Todas las objeciones también deben enviarse a los Abogados del grupo a la siguiente dirección:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Puede, pero no está obligado a comparecer en la Audiencia de aprobación definitiva programada para **02 de septiembre de 2020 a la 1:00 p.m.,** 280 South 1st Street, San Jose, California 95113, Courtroom 5para que el Tribunal escuche su objeción.

**Se considerará que todo Miembro del grupo que no presente una objeción en la Audiencia de aprobación definitiva durante o antes de esta, habrá aprobado el acuerdo y habrá renunciado a dichas objeciones y no podrá presentar ninguna objeción (por apelación o de otro modo) al acuerdo.**

**SI NO SE OPONE A ESTE ACUERDO, NO NECESITA PRESENTARSE NI PRESENTAR NADA POR ESCRITO.**

EFECTO VINCULANTE

El Decreto de consentimiento propuesto, si es aprobado definitivamente por el Tribunal, obligará a todos los miembros del Grupo del acuerdo. Esto impedirá a cualquier persona que sea miembro del Grupo del acuerdo enjuiciar o sostener cualquier reclamación o acción eximida en virtud de los términos del Decreto de consentimiento propuesto.

INFORMACIÓN ADICIONAL

Este aviso resume el Decreto de consentimiento propuesto. Para conocer los términos y condiciones precisos y completos del acuerdo, consulte el Decreto de consentimiento propuesto, disponible en www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose, a través de las direcciones y los números de teléfono de los Abogados del grupo que aparecen a continuación, o al acceder al expediente judicial de este caso a través del sistema de Acceso Público a los Registros Electrónicos (Public Access to Court Electronic Records, PACER) del Tribunal en https://ecf.cand.uscourts.gov, o si visita la oficina del secretario del Tribunal del Tribunal de Distrito de los Estados Unidos para el Distrito Norte de California, 280 South 1st Street, San José, California, entre las 9:00 a.m. y las 4:00 p.m., de lunes a viernes, excepto los días festivos del Tribunal.

También puede obtener información más detallada sobre el acuerdo o una copia del Decreto de consentimiento propuesto de los Abogados del grupo en cualquiera de las siguientes direcciones:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
(303) 757-7901
www.creeclaw.org

Los Miembros del grupo también pueden comunicarse con los Abogados del grupo al siguiente número gratuito, 1-800-538-1467, para obtener más información sobre el acuerdo o los documentos del acuerdo.

**No llame al Tribunal o a la Secretaría del Tribunal para preguntar sobre este acuerdo.**
Para obtener copias de este Aviso o del Decreto de consentimiento propuesto en formatos accesibles alternativos, comuníquese con los Abogados del grupo mencionados anteriormente.

6

784958.2

## NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

ATTENTION: ALL PERSONS WITH A MOBILITY DISABILITY: If you have used, or attempted to use, pedestrian rights-of-way in the City of San Jose and have encountered corners on sidewalks or other pedestrian walkways that were missing curb ramps, or curb ramps that were damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use ("Non-Compliant Curb Ramps"), you may be a member of the proposed Settlement Class affected by this lawsuit. This is a court-authorized notice.

A "Mobility Disability" means any impairment or medical condition which limits a person's ability to walk, ambulate, maneuver around objects, or ascend or descend steps or slopes. A person with a Mobility Disability may or may not use a wheelchair, scooter, electric personal assisted mobility device, crutches, walker, cane, brace, orthopedic device, or similar equipment or device to assist their navigation along a pedestrian walkway, or may be semi-ambulatory.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY
BE AFFECTED BY LEGAL PROCEEDINGS IN THIS CASE.

### NOTICE OF CLASS ACTION

The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought on behalf of persons with Mobility Disabilities against the City of San Jose. The proposed class action settlement is set out in a document called a "proposed Consent Decree". The proposed Consent Decree, which must be approved by the United States District Court before it goes into effect, was reached in the case entitled *Lashbrook v. City of San Jose*, Case No. 5:20-cv-01236-NC, pending in the United States District Court for the Northern District of California.

### BASIC INFORMATION

This lawsuit alleges that the City of San Jose ("City") violated federal and state disability access laws by allegedly failing to ensure that its pedestrian right of way contains curb ramps that are necessary to ensure that the pedestrian right of way is accessible to individuals with Mobility Disabilities. The City denies these allegations and disputes that it has any liability or committed any wrongdoing.

This is a class action. In a class action, one or more people or organizations, called Class Representatives (in this case Artie Lashbrook ["Plaintiff"]), sued on behalf of people who have similar legal claims. Plaintiff is a Class Member. One court resolves the issues for all Class Members. United States District Judge Nathanael M. Cousins is in charge of this class action.

The Court did not decide in favor of either Plaintiff or the City in this case. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of a trial, and settlement benefits go to the Class Members. The Class Representative and Class Counsel (the attorneys appointed by the Court to represent the Class) think the proposed settlement is in the best interests of the Class Members, taking into account the benefits of the settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if the litigation continues.

1

## THE SETTLEMENT CLASS

The Settlement Class includes all persons (including residents of and/or visitors to the City of San Jose) with any Mobility Disability, who, at any time prior to court judgment granting final approval to the settlement have been denied full and equal access to the City's pedestrian right of way due to the lack of a curb ramp or a curb ramp that was damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use.

## SUMMARY OF THE PROPOSED CONSENT DECREE

**The following is a summary of certain provisions of the proposed Consent Decree. The Consent Decree is available as set forth in the "Further Information" section below.**

The proposed Consent Decree requires the City of San Jose to make widespread accessibility improvements by constructing and remediating 27,621 Non-Compliant Curb Ramps, by the end of 2038.

The proposed Consent Decree requires the City to construct or remediate an average of 1,944 high priority curb ramps per year between the date that the settlement goes into effect and 2030, and an average of 807 low priority curb ramps per year for the years 2031 to 2038. To meet these construction deadlines, the City must appropriate $13,000,000 each fiscal year from the Effective Date of the settlement through 2030. Thereafter, the City must appropriate a minimum of ten (10) percent of the City's pavement budget toward the construction and remediation of curb ramps until the City fulfills its obligations under the proposed Consent Decree.

The City will create a Transition Plan that will include a schedule for constructing and remediating curb ramps consistent with the results of a comprehensive survey of the accessibility of its pedestrian right of way to people with Mobility Disabilities that the City conducted as part of the settlement negotiations that resulted in the proposed Consent Decree. The Transition Plan will also select priority locations for curb ramp construction and remediation as required by the ADA.

The proposed Consent Decree also commits the City to continue to maintain a system through which people with Mobility Disabilities may submit requests for construction of accessible curb ramps and remediation of inaccessible curb ramps. The City will use its best efforts to remediate or construct each requested accessible curb ramp within 120 days of the request, except in very limited circumstances.

The proposed Consent Decree also includes provisions for the Class Representative and Class Counsel (identified below) to monitor the City's compliance with the terms of the settlement and requires the City to issue annual reports documenting the construction and remediation of curb ramps under the proposed Consent Decree.

## RELEASE OF CLAIMS

The proposed Consent Decree resolves and releases through the end of the Term of the proposed Consent Decree, all claims for injunctive, declaratory, or other non-monetary relief that were brought, could have been brought, or could be brought in the future relating to or arising from any of the City's alleged actions, omissions, incidents, or conduct related to the installation, remediation, repair, or maintenance of curb ramps in the City's pedestrian rights-of-way. The

2

proposed Consent Decree does not provide for any monetary relief to the Settlement Class, and it does not release any monetary claims that Settlement Class members may have.  The releases do not apply to components of the City's sidewalk system other than curb ramps.

## PAYMENTS TO CLASS REPRESENTATIVE

Class Counsel will request that Plaintiff and Class Representative Artie Lashbrook receive a $5,000 service award, paid by the City, in recognition of the services he rendered to the Settlement Class.  Plaintiff Lashbrook will also receive a damages payment of $50,000 in exchange for a release of his individual monetary claims, including actual and statutory damages claims, related to the physical and emotional injuries he suffered as a result of his personal encounters with Non-Compliant Curb Ramps in the City's pedestrian right of way.  Both payments must be approved by the Court.

## REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES

The settlement class is represented by Goldstein, Borgen, Dardarian & Ho and the Civil Rights Education and Enforcement Center (collectively referred to as "Class Counsel"). The City will pay Class Counsel their reasonable attorneys' fees, expenses, and costs of $734,627.50 subject to the approval by the Court.  Class Counsel shall also be entitled to reasonable attorneys' fees and costs for monitoring the City's compliance with the settlement as set forth in the proposed Consent Decree. Plaintiff's fees, expenses, and costs for monitoring will be capped at $75,000 for the years 2020 through 2022, and capped at $50,000 per year for the years 2023 through the expiration of the Term of the proposed Consent Decree.  Notwithstanding the fee provisions of the proposed Consent Decree, all fees awarded to Class Counsel are subject to approval by the Court.

## FAIRNESS OF SETTLEMENT

The Class Representative and Class Counsel have concluded that the terms and conditions of the proposed Consent Decree are fair, reasonable, adequate, and in the best interests of the Settlement Class.  In reaching this conclusion, the Class Representative and Class Counsel have considered the benefits of the settlement, the possible outcomes of litigation of these issues, the expense and length of litigation, and actual and possible appeals.

## THE COURT'S FINAL APPROVAL/FAIRNESS HEARING

The Court has preliminarily approved the proposed Consent Decree, and has scheduled a "Final Approval" or "Fairness" hearing for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to decide whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, as a Settlement Class Member, you have the right to attend and be heard at this hearing, as specified in the next section below.  At the hearing, the Court will consider any objections to the settlement.  Judge Cousins will listen to people who have asked to speak at the hearing.  After the hearing, the Court will decide whether to approve the settlement.  The Court will also evaluate the agreed upon amount to award Class Counsel as reasonable attorneys' fees, costs and litigation expenses.  We do not know how long this decision will take.

3

This hearing date is subject to change without further notice. If you wish to be informed of any changes to the schedule, please notify Class Counsel at the addresses listed in the next section below. You may also check www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose or the public court records on file in this action at https://www.pacer.gov/ for any updates.

<u>OBJECTIONS TO THE SETTLEMENT</u>

If you do not want the proposed Consent Decree to be approved, you can ask the Court to deny approval by filing an objection. You cannot ask the Court to order a different settlement or change the settlement; the Court can only approve or reject the settlement. If the Court denies approval, the Settlement Class will not get the curb ramp installation and remediation work set out in the proposed Consent Decree, and the lawsuit will continue. If that is what you want to happen, you must object.

Any objection to the proposed Consent Decree must be in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number (*Lashbrook v. City of San Jose*, Case No. 5:20-cv-01236-NC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before August 14, 2020.

If you submit an objection, it should include the following information: (a) your name, address, and, if available, your telephone number and e-mail address; (b) if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (c) a statement identifying the specific grounds for your objections; and (d) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class.

**All objections must be submitted or postmarked on or before August 14, 2020.**

All objections should also be sent to Class Counsel at the following address:

> Linda M. Dardarian
> Goldstein, Borgen, Dardarian & Ho
> 300 Lakeside Drive, Suite 1000
> Oakland, CA 94612

You may, but are not required to, appear at the Final Approval Hearing scheduled for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to have your objection heard by the Court.

**Any Class Member who does not object at or before the Final Approval Hearing will be deemed to have approved the settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the settlement.**

4

7778129

**IF YOU DO NOT OPPOSE THIS SETTLEMENT, YOU NEED NOT
APPEAR OR FILE ANYTHING IN WRITING.**

BINDING EFFECT

The proposed Consent Decree, if given final approval by the Court, will bind all members of the Settlement Class.  This will bar any person who is a member of the Settlement Class from prosecuting or maintaining any claim or action released under the terms of the proposed Consent Decree.

FURTHER INFORMATION

This notice summarizes the proposed Consent Decree.  For the precise and full terms and conditions of the settlement, please see the proposed Consent Decree available at www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose, by contacting Class Counsel at the addresses and phone numbers below, or by accessing the Court docket on this case through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also obtain more detailed information about the settlement or a copy of the proposed Consent Decree from Class Counsel at any of the following addresses:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO  80218
(303) 757-7901
www.creeclaw.org

Class Members may also contact Class Counsel at the following toll-free number, 1-800-538-1467, to obtain further information about the settlement or settlement documents.

**Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement.**

To obtain copies of this Notice or the proposed Consent Decree in alternative accessible formats, please contact Class Counsel listed above.

7778129

## THÔNG BÁO ĐỀ XUẤT GIẢI QUYẾT VỤ KIỆN THAY MẶT TẬP THỂ

CHÚ Ý: TẤT CẢ NHỮNG NGƯỜI BỊ KHUYẾT TẬT VẬN ĐỘNG: Nếu Quý vị đã sử dụng hoặc cố gắng sử dụng, lộ giới của người đi bộ ở Thành phố San Jose và đã gặp phải các góc trên vỉa hè hoặc các lối đi dành cho người đi bộ khác bị thiếu đoạn dốc thoải ở lề đường, hoặc đoạn dốc thoải ở lề đường bị hư hỏng, cần sửa chữa, hoặc trong trường hợp không phù hợp hoặc không đủ để sử dụng ("Đoạn dốc thoải ở lề đường không tuân thủ"), Quý vị có thể là thành viên của Nhóm Hòa giải (Settlement Class) được đề xuất bị ảnh hưởng bởi vụ kiện này. Đây là một thông báo được tòa án ủy quyền.

"Tình trạng Khuyết tật Vận động" (Mobility Disability) có nghĩa là bất kỳ tình trạng suy yếu hoặc tình trạng y tế nào làm hạn chế khả năng đi bộ, đi dạo, vận động xung quanh các vật thể, hoặc leo lên hoặc xuống dốc hoặc sườn dốc. Người Khuyết tật Vận động có thể hoặc không thể sử dụng xe lăn, xe scooter, thiết bị di động trợ giúp cá nhân chạy điện, nạng, xe tập đi, gậy, nẹp, thiết bị chỉnh hình hoặc thiết bị hoặc dụng cụ tương tự để hỗ trợ đi lại dọc theo lối đi dành cho người đi bộ hoặc có thể là người đi lại cần dụng cụ trợ giúp.

### VUI LÒNG ĐỌC KĨ THÔNG BÁO NÀY. QUYỀN LỢI CỦA QUÝ VỊ CÓ THỂ BỊ ẢNH HƯỞNG BỞI CÁC THỦ TỤC TỐ TỤNG TRONG VỤ ÁN NÀY.

### THÔNG BÁO VỀ VỤ KIỆN THAY MẶT TẬP THỂ

Mục đích của thông báo này là để thông báo cho Quý vị về một giải pháp được đề xuất trong một vụ kiện thay mặt tập thể đang chờ xử lý thay mặt cho những người khuyết tật vận động chống lại Thành phố San Jose. Việc giải quyết vụ kiện thay mặt tập thể được đề xuất nêu ra trong một tài liệu gọi là "Bản án Thống nhất được Đề xuất" (proposed Consent Decree). Bản án Thống nhất được Đề xuất, phải được Tòa sơ thẩm liên bang Hoa Kỳ phê chuẩn trước khi có hiệu lực, đã đạt được trong vụ án mang tên *Lashbrook v. City of San Jose*, Hồ sơ số: 5:20-cv-01236-NC, đang chờ Tòa sơ thẩm liên bang Hoa Kỳ phê chuẩn cho Khu vực Bắc California.

### THÔNG TIN CƠ BẢN

Vụ kiện này cáo buộc rằng Thành phố San Jose ("Thành phố") đã vi phạm luật đi lại cho người khuyết tật của liên bang và tiểu bang do bị cáo buộc không đảm bảo rằng lộ giới cho người đi bộ của họ có đoạn dốc thoải ở lề đường cần thiết để đảm bảo rằng những người Khuyết tật Vận động có thể đi lại trong lộ giới dành cho người đi bộ. Thành phố phủ nhận những cáo buộc và tranh biện rằng họ không có bất kỳ trách nhiệm pháp lý hoặc hành vi sai trái nào.

Đây là vụ kiện thay mặt tập thể. Trong một vụ kiện đại diện tập thể, một hoặc nhiều người hoặc tổ chức, được gọi là Đại diện Tập thể (trong trường hợp này là Artie Lashbrook ["Nguyên đơn"], đã đứng ra kiện thay mặt cho những người có yêu cầu khiếu kiện tương tự. Nguyên đơn là Thành viên trong Tập thể. Một tòa án giải quyết các vấn đề cho tất cả các Thành viên của Tập thể. Thẩm phán Tòa sơ thẩm Hoa Kỳ Nathanael M. Cousins chịu trách nhiệm về vụ kiện tập thể này.

Tòa án không quyết định có lợi cho Nguyên đơn hoặc Thành phố trong vụ án này. Thay vào đó, cả hai bên đã đồng ý hòa giải. Bằng cách đó, họ tránh được chi phí, sự chậm trễ và sự không chắc chắn của một phiên tòa xét xử và quyền lợi hòa giải dành cho các Thành viên của Tập thể. Đại diện Tập

784955.2

thể và Luật sư Tập thể (các luật sư do Tòa án chỉ định đại diện cho Tập thể) cho rằng việc hòa giải được đề xuất là vì lợi ích tốt nhất của các Thành viên của Tập thể, có tính đến lợi ích của việc hòa giải, những rủi ro của việc kiện tụng tiếp tục và trì hoãn trong việc có được sự cứu trợ cho Tập thể nếu vụ kiện vẫn tiếp tục.

<h3 style="text-align:center">TẬP THỂ HÒA GIẢI</h3>

Tập thể Hòa giải bao gồm tất cả mọi người (bao gồm cả cư dân và/hoặc khách đến Thành phố San Jose) có bất kì tình trạng Khuyết tật Vận động nào, bất cứ lúc nào trước khi phán quyết của tòa án phê chuẩn quyết định cuối cùng mà đã bị từ chối đi lại đầy đủ và bình đẳng vào đường dành cho người đi bộ của thành phố do không có đoạn dốc thoải ở lề đường hoặc đoạn dốc thoải ở lề đường bị hư hỏng, cần sửa chữa, hoặc trong trường hợp không phù hợp hoặc không đủ để sử dụng.

<h3 style="text-align:center">TÓM TẮT BẢN ÁN THỐNG NHẤT ĐƯỢC ĐỀ XUẤT</h3>

**Dưới đây là tóm tắt các điều khoản nhất định của Bản án Thống nhất được Đề xuất. Bản án Thống nhất như được quy định trong phần "Thông tin Thêm" bên dưới.**

Bản án Thống nhất được Đề xuất yêu cầu Thành phố San Jose thực hiện các cải tiến về khả năng đi lại rộng rãi bằng cách xây dựng và khắc phục 27.621 đoạn dốc thoải ở lề đường Không tuân thủ, trước cuối năm 2038.

Bản án Thống nhất được Đề xuất yêu cầu Thành phố xây dựng hoặc khắc phục trung bình 1.944 đoạn dốc thoải ở lề đường ưu tiên cao mỗi năm kể từ ngày hòa giải có hiệu lực đến năm 2030 và trung bình 807 đoạn dốc thoải ở lề đường ưu tiên thấp mỗi năm trong giai đoạn 2031 đến 2038. Để đáp ứng các thời hạn xây dựng này, Thành phố phải dành ra 13.000.000 đô la mỗi năm tài chính kể từ Ngày có hiệu lực của hòa giải đến năm 2030. Sau đó, Thành phố phải dành ra tối thiểu mười (10) phần trăm ngân sách dành cho via hè của Thành phố để xây dựng và khắc phục các đoạn dốc thoải ở lề đường cho đến khi Thành phố hoàn thành nghĩa vụ của mình theo Bản án Thống nhất được Đề xuất.

Thành phố sẽ tạo ra một Kế hoạch Chuyển đổi (Transition Plan) bao gồm lịch trình xây dựng và điều chỉnh lại các đoạn dốc thoải ở lề đường phù hợp với kết quả của một cuộc khảo sát toàn diện về khả năng đi lại trong lộ giới của người đi bộ đối với người Khuyết tật Vận động mà Thành phố tiến hành như một phần của cuộc đàm phán giải quyết dẫn đến Bản án Thống nhất được Đề xuất. Kế hoạch Chuyển đổi cũng sẽ chọn các địa điểm ưu tiên để xây dựng đoạn dốc thoải ở lề đường và khắc phục theo yêu cầu của ADA.

Bản án Thống nhất được Đề xuất cũng cam kết Thành phố tiếp tục duy trì một hệ thống thông qua đó những người Khuyết tật Vận động có thể gửi yêu cầu xây dựng các đoạn dốc thoải ở lề đường có thể đi lại và khắc phục các đoạn dốc thoải ở lề đường không thể đi lại được. Thành phố sẽ nỗ lực hết sức mình để khắc phục hoặc xây dựng từng đoạn dốc thoải ở lề đường có thể đi lại được yêu cầu trong vòng 120 ngày kể từ ngày yêu cầu, ngoại trừ trong những trường hợp rất hạn chế.

Bản án Thống nhất được Đề xuất cũng bao gồm các quy định cho Đại diện Tập thể và Luật sư Tập thể (được xác định bên dưới) để giám sát sự tuân thủ của Thành phố với các điều khoản của thỏa thuận và yêu cầu Thành phố ban hành các báo cáo hàng năm về việc xây dựng và khắc phục các đoạn dốc thoải ở lề đường theo Bản án Thống nhất được Đề xuất .

2

<u>MIỄN TRỪ YÊU CẦU KHIẾU NẠI</u>

Bản án Thống nhất được Đề xuất giải quyết và miễn trừ cho đến hết Thời hạn của Bản án Thống nhất được Đề xuất, tất cả các khiếu nại về việc gây thương tích, tuyên bố hoặc cứu trợ không bằng tiền khác đã được đưa ra, có thể đã được đưa ra hoặc có thể được đưa ra trong tương lai liên quan đến hoặc phát sinh từ bất kỳ hành động, thiếu sót, sự cố hoặc hành vi bị cáo buộc nào của Thành phố liên quan đến việc xây lắp, khắc phục, sửa chữa hoặc bảo trì các đoạn dốc thoải ở lề đường trong lộ giới dành cho người đi bộ của Thành phố. Bản án Thống nhất được Đề xuất không cung cấp bất kỳ sự cứu trợ tiền tệ nào cho Tập thể Hòa giải và không miễn trừ bất kỳ khiếu nại nào về tiền tệ nào mà các thành viên của Tập thể Hòa giải có thể có. Miễn trừ này không áp dụng cho các thành phần của hệ thống vỉa hè của Thành phố ngoài các đoạn dốc thoải ở lề đường.

<u>THANH TOÁN CHO ĐẠI DIỆN TẬP THỂ</u>

Luật sư Tập thể sẽ yêu cầu Nguyên đơn và Đại diện Tập thể Artie Lashbrook nhận phần thưởng cống hiến trị giá 5.000 đô la, do Thành phố trả, để ghi nhận những cống hiến của anh ta cho Tập thể Hòa giải. Nguyên đơn Lashbrook cũng sẽ nhận được khoản bồi thường thiệt hại 50.000 đô la để đổi lấy việc miễn trừ các yêu cầu bồi thường tiền tệ cá nhân của mình, bao gồm các yêu cầu bồi thường thiệt hại thực tế và theo luật định, liên quan đến các thương tích về thể chất và tinh thần mà anh ta phải chịu khi gặp phải các đoạn dốc thoải ở lề đường Không tuân thủ trong lộ giới dành cho người đi bộ của Thành phố. Cả hai khoản thanh toán phải được Tòa án chấp thuận.

<u>PHÍ, CHI PHÍ VÀ PHÍ TỔN HỢP LÝ CỦA LUẬT SƯ</u>

Tập thể hòa giải được đại diện bởi Goldstein, Borgen, Dardarian & Ho và Trung tâm Thực thi và Giáo dục Quyền dân sự (Civil Rights Education and Enforcement Center) (gọi chung là "Luật sư Tập thể"). Thành phố sẽ trả cho Luật sư Tập thể phí. chi phí và phí tổn luật sư hợp lý là $ 734.627,50 tùy theo sự chấp thuận của Tòa án. Luật sư Tập thể cũng sẽ được hưởng phí và chi phí luật sư hợp lý cho việc giám sát sự tuân thủ của Thành phố đối với việc hòa giải như được quy định trong Bản án Thống nhất được Đề xuất. Các khoản phí, phí tổn và chi phí giám sát của nguyên đơn sẽ được giới hạn ở mức 75.000 đô la cho các năm từ 2020 đến 2022 và giới hạn ở mức 50.000 đô la mỗi năm trong năm 2023 cho đến khi hết thời hạn của Bản án Thống nhất được Đề xuất. Mặc dù có các quy định về phí của Bản án Thống nhất được Đề xuất, tất cả các khoản phí được trả cho Luật sư Tập thể đều phải được Tòa án phê chuẩn.

<u>SỰ CÔNG BẰNG TRONG HÒA GIẢI</u>

Đại diện Tập thể và Luật sư Tập thể đã kết luận rằng các điều khoản và điều kiện của Bản án Thống nhất được Đề xuất là công bằng, hợp lý, đầy đủ và vì lợi ích tốt nhất của Tập thể Hòa giải. Để đưa ra kết luận này, Đại diện Tập thể và Luật sư Tập thể đã xem xét các lợi ích của việc hòa giải, kết quả có thể xảy ra của các vụ kiện này, chi phí và thời gian kiện tụng, và các kháng cáo thực tế và có thể.

<u>PHIÊN ĐIỀU TRẦN PHÊ CHUẨN/CÔNG BẰNG LẦN CUỐI CỦA TÒA</u>

Tòa án đã phê chuẩn sơ bộ Bản án Thống nhất được Đề xuất, và đã lên lịch cho phiên điều trần "Phê

784955.2

chuẩn Lần cuối" hoặc "Công bằng" vào <u>Ngày 02 tháng 9 năm 2020 lúc 1:00 chiều thông qua zoom,</u> để quyết định xem việc hòa giải được đề xuất có công bằng, hợp lý và đầy đủ hay không, và cuối cùng là có nên được phê chuẩn hay không. Mặc dù không bắt buộc phải tham dự, với tư cách là Thành viên của Tập thể Hòa giải, Quý vị có quyền tham dự và được lắng nghe tại phiên điều trần này, như được quy định trong phần tiếp theo bên dưới. Tại phiên tòa, Tòa án sẽ xem xét bất kỳ sự phản đối nào đối với việc hòa giải. Thẩm phán Cousins sẽ lắng nghe những người đã yêu cầu phát biểu tại phiên tòa. Sau phiên xét xử, Tòa án sẽ quyết định có phê chuẩn hòa giải hay không. Tòa án cũng sẽ đánh giá số tiền đã thỏa thuận để trao cho Luật sư Tập thể có phải là phí, chi phí, phí tổn tố tụng hợp lý cho luật sư hay không. Chúng ta không biết quyết định này sẽ kéo dài bao lâu.

Ngày điều trần này có thể thay đổi mà không cần thông báo thêm. Nếu Quý vị muốn được thông báo về bất kỳ thay đổi nào trong lịch trình, vui lòng thông báo cho Luật sư Tập thể tại các địa chỉ được liệt kê trong phần tiếp theo bên dưới. Quý vị cũng có thể truy cập www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose hoặc hồ sơ tòa án công cộng được lưu trữ trong vụ kiện này tại https://www.pacer.gov/ để biết bất kì thông tin cập nhật nào.

<u>PHẢN ĐỐI HÒA GIẢI</u>

Nếu Quý vị không muốn Bản án Thống nhất được Đề xuất được phê chuẩn, Quý vị có thể yêu cầu Tòa án từ chối phê duyệt bằng cách nộp đơn phản đối. Quý vị không thể yêu cầu Tòa án phán quyết một vụ hòa giải khác hoặc thay đổi cách hòa giải; Tòa án chỉ có thể phê chuẩn hoặc từ chối hòa giải. Nếu Tòa án từ chối phê chuẩn, Tập thể Hòa giải sẽ không nhận được công việc xây lắp và sửa chữa đoạn dốc thoải ở lề đường được quy định trong Bản án Thống nhất được Đề xuất, và vụ kiện sẽ tiếp tục. Nếu đó là những gì Quý vị muốn xảy ra, Quý vị phải phản đối.

Bất kỳ sự phản đối nào đối với Bản án Thống nhất được Đề xuất phải được lập thành văn bản. Nếu Quý vị nộp đơn phản đối kịp thời bằng văn bản, Quý vị có thể, nhưng không bắt buộc phải xuất hiện tại Phiên điều trần Phê chuẩn Lần cuối, trực tiếp hoặc thông qua luật sư riêng của Quý vị. Nếu Quý vị xuất hiện thông qua luật sư riêng của mình, Quý vị có trách nhiệm thuê và trả tiền cho luật sư đó.

Tất cả các phản đối bằng văn bản và các giấy tờ hỗ trợ phải (a) xác định rõ tên và số hồ sơ (*Lashbrook v. Thành phố San Jose*, Hồ sơ số 5:20-cv-01236-NC), (b) được nộp cho Tòa án bằng cách gửi thư cho Thư ký Vụ việc Đại diện Tập thể, Tòa sơ thẩm liên bang Hoa Kỳ cho Khu vực Bắc California, 280 South 1st Street, San Jose, California, 95113 hoặc bằng cách nộp trực tiếp tại bất kỳ địa điểm nào của Tòa sơ thẩm liên bang Hoa Kỳ cho Khu vực Bắc California và (c) được nộp hoặc đóng dấu bưu điện vào hoặc trước ngày August 14, 2020.

Nếu Quý vị nộp đơn phản đối, thông tin đó phải bao gồm các thông tin sau: (a) tên, địa chỉ của Quý vị và, nếu có, số điện thoại và địa chỉ email; (b) nếu Quý vị đang được đại diện bởi luật sư, tên, địa chỉ, số điện thoại và địa chỉ e-mail của luật sư của Quý vị; (c) một tuyên bố xác định các căn cứ cụ thể cho sự phản đối của Quý vị; và (d) một tuyên bố về việc phản đối của Quý vị chỉ áp dụng cho Quý vị, cho một nhóm nhỏ hoặc cho toàn bộ tập thể.

**Tất cả đơn phản đối phải được gửi hoặc đóng dấu bưu điện vào hoặc trước August 14, 2020.**

Tất cả đơn phản đối phải được gửi đến Luật sư Tập thể theo địa chỉ sau:

4

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612

Quý vị có thể, nhưng không bắt buộc phải xuất hiện tại Phiên điều trần Phê chuẩn Lần cuối được lên lịch vào **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, để Tòa lắng nghe phản đối của Quý vị.

**Bất kỳ Thành viên của Tập thể nào không phản đối tại hoặc trước Phiên điều trần Phê chuẩn Lần cuối sẽ được coi là đã phê chuẩn hòa giải và từ bỏ những phản đối đó và sẽ không thể đưa ra bất kỳ phản đối nào (bằng cách kháng cáo hoặc bằng cách khác) đối với việc hòa giải.**

## NẾU QUÝ VỊ KHÔNG PHẢN ĐỐI VỤ HÒA GIẢI NÀY
## QUÝ VỊ KHÔNG CẦN XUẤT HIỆN HOẶC GỬI BẤT KÌ VĂN BẢN NÀO.

### HIỆU ỨNG RÀNG BUỘC

Bản án Thống nhất được Đề xuất, nếu được Tòa án phê chuẩn lần cuối, sẽ ràng buộc tất cả các thành viên của Tập thể Hòa giải. Điều này sẽ ngăn bất kỳ ai là thành viên của Tập thể Hòa giải truy tố hoặc duy trì bất kỳ khiếu nại hoặc hành động nào được đưa ra theo các điều khoản của Bản án Thống nhất được Đề xuất.

### THÔNG TIN KHÁC

Thông báo này tóm tắt Bản án Thống nhất được Đề xuất. Để biết các điều khoản và điều kiện chính xác và đầy đủ của hòa giải, vui lòng xem Bản án Thống nhất được Đề xuất có tại www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose, bằng cách liên hệ với Luật sư Tập thể tại các địa chỉ và số điện thoại bên dưới, hoặc bằng cách truy cập vào sổ ghi chép của Tòa án về vụ án này thông qua hệ thống Court's Public Access to Electronic Records (PACER) của Tòa án tại https://ecf.cand.uscourts.gov hoặc bằng cách ghé thăm Tòa sơ thẩm liên bang Hoa Kỳ cho Khu vực Bắc California, 280 South 1st Street, San Jose, California, từ 9:00 sáng đến 4:00 chiều, từ thứ Hai đến thứ Sáu, trừ ngày nghỉ của Tòa án.

Quý vị cũng có thể có được thông tin chi tiết hơn về việc hòa giải hoặc một bản sao của Bản án Thống nhất được Đề xuất từ Luật sư Tập thể tại bất kỳ địa chỉ nào sau đây:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400

784955.2

Denver, CO 80218
(303) 757-7901
www.creeclaw.org

Thành viên của Tập thể cũng có thể liên hệ với Luật sư Tập thể theo số điện thoại miễn phí sau đây, 1-800-538-1467, để có thêm thông tin về việc việc hòa giải hoặc các tài liệu hòa giải.

**Vui lòng không gọi điện thoại cho Tòa án hoặc Văn phòng Thư ký Tòa án để hỏi về việc hòa giải này.**

Để có được các bản sao của Thông báo này hoặc Bản án Thống nhất được Đề xuất ở các định dạng có thể truy cập khác, vui lòng liên hệ với Luật sư Tập thể được liệt kê ở trên.

6

# EXHIBIT C



# CITY OF SAN JOSE, CALIFORNIA

Office of the City Clerk
200 East Santa Clara Street
San José, California 95113
Telephone (408) 535-1260
FAX (408) 292-6207

Toni J. Taber, CMC
    City Clerk

August 20, 2020

City Attorney
City of San José
200 E Santa Clara Street
San José, CA 95113

RE: Lashbrook v. City of San Jose, Case No. 5:20-cv-01236-NC

This is to certify that the following notices were published on June 17, 2020 at 4:29 p.m.on the
City of San José website at https://www.sanjoseca.gov/your-government/appointees/city-
clerk/spotlight-press-releases-memos

1.  NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT:
    ATTENTION ALL PERSONS WITH A MOBILITY DISABILITY

2.  AVISO DE LA SOLUCIÓN PROPUESTA PARA LA DEMANDA
    COLECTIVA: TODAS LAS PERSONAS CON DISCAPACIDADES DE MOVILIDAD

3.  THÔNG BÁO ĐỀ XUẤT GIẢI QUYẾT VỤ KIỆN THAY MẶT TẬP THỂ: TẤT CẢ
    NHỮNG NGƯỜI BỊ KHUYẾT TẬT VẬN ĐỘNG

Cordially,

Toni J. Taber, CMC
City Clerk