Linda M. Dardarian (SBN 131001)
ldardarian@gbdhlegal.com
Andrew P. Lee (SBN 245903)
alee@gbdhlegal.com
Beth Holtzman (SBN 316400)
bholtzman@gbdhlegal.com
GOLDSTEIN, BORGEN, DARDARIAN & HO
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Tel: (510) 763-9800
Fax: (510) 835-1417

Timothy P. Fox (SBN 157750)
tfox@creeclaw.org
CIVIL RIGHTS EDUCATION AND
 ENFORCEMENT CENTER
1245 E. Colfax Avenue, Suite 400
Denver, CO 80218
Tel: (303) 757-7901

*Attorneys for Plaintiff and the Settlement Class*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ARTIE LASHBROOK, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF SAN JOSE,<br><br>    Defendant. | **CLASS ACTION**<br><br>Case No.: 5:20-cv-01236-NC<br><br>**DECLARATION OF STUART KIRKPATRICK IN SUPPORT OF JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND STATEMENT OF COMPLIANCE WITH NOTICE REQUIREMENTS**<br><br>Date:     September 2, 2020<br>Time:    1:00 p.m.<br>Dept:     Courtroom 5<br>Before:  Hon. Nathanael M. Cousins |

I, Stuart Kirkpatrick, declare as follows:

1. I am over 18 years of age. The statements set forth in this declaration are made of my own personal knowledge and if called as a witness, I could and would testify competently thereto.

2. I am a paralegal with the law firm Goldstein, Borgen, Dardarian & Ho in Oakland, California.

3. Following the Court's May 27, 2020 Order Granting Preliminary Approval of Class Action Settlement (ECF No. 14), I was directed by attorney Linda M. Dardarian, a partner of Goldstein, Borgen, Dardarian & Ho and my supervisor on this case, to contact the thirty-three disability rights organizations listed in Exhibit E of the Consent Decree, in preparation for serving each of them a Notice of Proposed Settlement of Class Action Lawsuit in the form of ECF No.10-1, Exhibit C, which is the Notice that the Court approved in its Order Granting Preliminary Approval of Class Action Settlement. The Court's Order Granting Preliminary Approval of Class Action Settlement required the distribution of the Notice to these identified organizations within ten (10) days after entry of the Order Granting Preliminary Approval, or by no later than June 8, 2020.

4. Pursuant to paragraph 15.4(d) of the Consent Decree, and Paragraph 12(a) of the Order Granting Preliminary Approval of Class Action Settlement, on Monday, June 8, 2020 (the first business day occurring ten days after the entry of the Court's Order), I served the thirty-three organizations the Notice of Settlement by email. Attached hereto as **Exhibit A** is a chart outlining each organization and the method of transmittal for the Notice of Settlement. A true and correct sample of one of the Notice emails, with the transmitted Notice, is attached hereto as **Exhibit B**. Aside from the email addresses and names of the recipients, this sample email is identical to all of the thirty-two others I sent by email on June 8, 2020.

5. I requested that each recipient of my June 8, 2020 email reply with a confirmation of receipt, but only ten organizations responded throughout the next week. On August 6, 2020, I sent an additional email to each of the thirty-three organizations who had not confirmed receipt, asking them to confirm that they received my original June 8th email. On August 11, 2020, I placed phone calls to each organization that had not confirmed receipt, and did so twice more, on August 19 and August 26,

1

2020.  Twenty additional organizations responded to confirm receipt of the Notice I emailed them on June 8th.  None of the Notice emails to the three organizations who did not confirm receipt were returned as undeliverable.  Based on my experience, I understand that to mean that the emails were received, and Notice distribution was effectuated.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  This Declaration is executed in Oakland, California on August 28, 2020.

*/s/ Stuart Kirkpatrick*
Stuart Kirkpatrick

# Exhibit A

| Organization | Notes on Recipient Name | Recipient Email(s) | Confirmed receipt of PDF notice? |
|---|---|---|---|
| Bay Area Association of Disabled Sailors | Kathi Pugh | kathipugh@gmail.com | 6/10/2020 |
| Bay Area Outreach and Recreation Program (BORP) | Rick Smith- Executive Director | rick@borp.org | 8/6/2020 |
| Californians for Disability Rights | Kathleen Barajas- President Susan Chandler- Treasurer | kdbarajas@icloud.com barnonhill@aol.com | 8/7/2020 |
| California Foundation for Independent Living Centers (Sacramento) | Christina Mills- Executive Director | christina@cfilc.org; jackie@cfilc.org | 8/6/2020 |
| Center for Independent Living – Berkeley | Thomas Gregory- Deputy Director | info@thecil.org | 8/11/20- via phone (Jocelyn) |
| Center for Independence of Individuals with Disabilities (CID, San Mateo) | Donna Reed- Executive Director | donnar@cidsanmateo.org | |
| Central Coast Center for Independent Living (CCCIL, Monterey, San Benito, and Santa Cruz Counties) | | info@cccil.org | |
| Community Resources for Independent Living (CRIL, Hayward) | P. Michael Galvan- Executive Director | info@crilhayward.org; michael.galvan@crilhayward.org | 8/6/2020 |
| Disability Action Center (DAC)(Chico) | Evan Levang | evan@actionctr.org | |
| Disability Services and Legal Center (DSLC) | Adam Brown- Executive Director | asbrown@mydslc.org | 8/19/2020 |
| FREED Center for Independent Living | Carly Pacheco- Deputy Director | carly@freed.org | 8/26/2020 |
| Independent Living Resource Center San Francisco (ILRCSF) | Lana Nieves- Executive Director; Brandie Sendziak- Legal Services | lana@ilrcsf.org; brandie@ilrcsf.org | 8/7/2020 |
| Independent Living Resources of Solano & Contra Costa Counties (ILR) | Lisa Hicks- Independent Living Coordinator | lhicks@ilrscc.org | 8/26/2020- on the phone |
| Marin Center for Independent Living (MCIL) | Maurice Pollard- Information and Assistance Navigator | maurice@marincil.org | 8/19/20- on the phone |
| Placer Independent Resource Services (PIRS) | Tink Miller- Executive Director | tmiller@pirs.org | 6/8/2020 |
| Resources for Independence Central Valley (RICV) | Suzanna Gamez- Executive Director | sgamez@ricv.org | 8/6/2020 |
| Resources for Independent Living (RIL, Sacramento) | April Wick | aprilw@ril-sacramento.org | 6/8/2020 |
| Silicon Valley Independent Living Center (SVILC) | | info@svilc.org | 8/12/2020 |
| Tri-County Independent Living (TCIL) | Donalyn Sjostrand- Executive Director | donalyn@tilinet.org | 8/6/2020 |
| Paralyzed Veterans of America, Sacramento National Service Office | Alice Borja | aliceb@pva.org | 6/8/2020 |
| Paralyzed Veterans of America, Bay Area & Western Chapter | Kory Amaral- Executive Director | amaral@bawpva.org | 6/8/2020 |
| United Spinal San Francisco Bay Area Chapter | Troy- head of Bay Area Chapter; no last name provided by predecessor Matthew Tilford | meetings@sciactivenetwork.org; Troy@sciactivenetwork.org | 8/6/2020 |
| NorCal SCI – Northern California Chapter of United Spinal. | Franklin Elieh- co-counder | franklin@norcalsci.org | 6/11/2020 |
| Disability Rights California | Melinda Bird Christian Abasto Sam Marks | melinda.bird@disabilityrightsca.org christian.abasto@disabilityrightsca.org sam.marks@disabilityrightsca.org | 6/8/2020 |
| Bay Area Legal Aid | Lisa Newstrom- Managing Attny, Santa Clara County Office Ariella Hyman- Director of Program | LNewstrom@baylegal.org AHyman@baylegal.org | 8/6/2020 |
| North Bay Regional Center | Danielle Bernardo, Assistant to the Director | danielleb@nbrc.net | 8/20/2020 |
| Regional Center for the East Bay | Michi Toy- Executive Assistant to the Director | mtoy@rceb.org | 8/26/2020- on the phone |
| Golden Gate Regional Center | Kathryn Carpenter- Executive Assisstant to ED | kcarpenter@ggrc.org | 8/26/2020- on the phone |
| Alta Regional Center (Sacramento) | Lisa West | lwest@altaregional.org | 8/6/2020 |
| Central Valley Regional Center | Heather Flores- ED Ed Araim- Director of Operations | hflores@cvrc.org earaim@cvrc.org | 8/6/2020 |
| American Association of People with Disabilities | Jasmin Bailey | jbailey@aapd.com | 6/8/2020 |
| Easter Seals | info@easterseals.com | left v/m; sent email to CustomerService@ESNorCal.org | 6/8/2020 |
| United Cerebral Palsy of the Golden Gate | Barry Gardin- Board President | b.gardin@hotmail.com | 6/8/2020 |

# Exhibit B

| | |
|---|---|
| **From:** | Stuart Kirkpatrick |
| **Sent:** | Monday, June 8, 2020 12:13 PM |
| **To:** | kathipugh@gmail.com |
| **Subject:** | Notice of Settlement- Lashbrook v. City of San Jose |
| **Attachments:** | Notice of Proposed Settlement.pdf |
| | |
| **FilingDate:** | 6/8/2020 12:38:00 PM |

Dear Kathi Pugh:

Attached please find a pdf Notice of Settlement for the disability rights class action case <u>Lashbrook v. City of San Jose.</u> As further explained in the Notice, the settlement addresses the remediation of all missing and non-compliant curb ramps in the City of San Jose by 2038. The judge in this case ordered plaintiffs' counsel to distribute this Notice to several specific disability rights organizations to ensure that persons with mobility disabilities are aware of the settlement. Please distribute this notice to your clients and community in whatever manner you deem most appropriate and likely to reach them given California's current shelter-in-place order. For additional information, please visit <u>https://gbdhlegal.com/cases/lashbrook-v-city-of-san-jose/</u>. If you have any questions, please do not hesitate to contact me at 510-287-4328 or <u>skirkpatrick@gbdhlegal.com</u>.

<u>Please briefly confirm receipt of this email and the pdf attachment</u>.

Sincerely,

**Stuart Kirkpatrick**
**(pronouns: he/him)**
**Paralegal**

**Goldstein, Borgen, Dardarian & Ho**
**300 Lakeside Drive, Suite 1000**
**Oakland, CA  94612**
**(510) 763-9800**

NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION LAWSUIT

ATTENTION: ALL PERSONS WITH A MOBILITY DISABILITY: If you have used, or attempted to use, pedestrian rights-of-way in the City of San Jose and have encountered corners on sidewalks or other pedestrian walkways that were missing curb ramps, or curb ramps that were damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use ("Non-Compliant Curb Ramps"), you may be a member of the proposed Settlement Class affected by this lawsuit. This is a court-authorized notice.

A "Mobility Disability" means any impairment or medical condition which limits a person's ability to walk, ambulate, maneuver around objects, or ascend or descend steps or slopes. A person with a Mobility Disability may or may not use a wheelchair, scooter, electric personal assisted mobility device, crutches, walker, cane, brace, orthopedic device, or similar equipment or device to assist their navigation along a pedestrian walkway, or may be semi-ambulatory.

PLEASE READ THIS NOTICE CAREFULLY. YOUR RIGHTS MAY
BE AFFECTED BY LEGAL PROCEEDINGS IN THIS CASE.

NOTICE OF CLASS ACTION

The purpose of this notice is to inform you of a proposed settlement in a pending class action lawsuit brought on behalf of persons with Mobility Disabilities against the City of San Jose. The proposed class action settlement is set out in a document called a "proposed Consent Decree". The proposed Consent Decree, which must be approved by the United States District Court before it goes into effect, was reached in the case entitled *Lashbrook v. City of San Jose*, Case No. 5:20-cv-01236-NC, pending in the United States District Court for the Northern District of California.

BASIC INFORMATION

This lawsuit alleges that the City of San Jose ("City") violated federal and state disability access laws by allegedly failing to ensure that its pedestrian right of way contains curb ramps that are necessary to ensure that the pedestrian right of way is accessible to individuals with Mobility Disabilities. The City denies these allegations and disputes that it has any liability or committed any wrongdoing.

This is a class action. In a class action, one or more people or organizations, called Class Representatives (in this case Artie Lashbrook ["Plaintiff"]), sued on behalf of people who have similar legal claims. Plaintiff is a Class Member. One court resolves the issues for all Class Members. United States District Judge Nathanael M. Cousins is in charge of this class action.

The Court did not decide in favor of either Plaintiff or the City in this case. Instead, both sides agreed to a settlement. That way, they avoid the cost, delay, and uncertainty of a trial, and settlement benefits go to the Class Members. The Class Representative and Class Counsel (the attorneys appointed by the Court to represent the Class) think the proposed settlement is in the best interests of the Class Members, taking into account the benefits of the settlement, the risks of continued litigation, and the delay in obtaining relief for the Class if the litigation continues.

1

## THE SETTLEMENT CLASS

The Settlement Class includes all persons (including residents of and/or visitors to the City of San Jose) with any Mobility Disability, who, at any time prior to court judgment granting final approval to the settlement have been denied full and equal access to the City's pedestrian right of way due to the lack of a curb ramp or a curb ramp that was damaged, in need of repair, or otherwise in a condition not suitable or sufficient for use.

## SUMMARY OF THE PROPOSED CONSENT DECREE

**The following is a summary of certain provisions of the proposed Consent Decree. The Consent Decree is available as set forth in the "Further Information" section below.**

The proposed Consent Decree requires the City of San Jose to make widespread accessibility improvements by constructing and remediating 27,621 Non-Compliant Curb Ramps, by the end of 2038.

The proposed Consent Decree requires the City to construct or remediate an average of 1,944 high priority curb ramps per year between the date that the settlement goes into effect and 2030, and an average of 807 low priority curb ramps per year for the years 2031 to 2038. To meet these construction deadlines, the City must appropriate $13,000,000 each fiscal year from the Effective Date of the settlement through 2030. Thereafter, the City must appropriate a minimum of ten (10) percent of the City's pavement budget toward the construction and remediation of curb ramps until the City fulfills its obligations under the proposed Consent Decree.

The City will create a Transition Plan that will include a schedule for constructing and remediating curb ramps consistent with the results of a comprehensive survey of the accessibility of its pedestrian right of way to people with Mobility Disabilities that the City conducted as part of the settlement negotiations that resulted in the proposed Consent Decree. The Transition Plan will also select priority locations for curb ramp construction and remediation as required by the ADA.

The proposed Consent Decree also commits the City to continue to maintain a system through which people with Mobility Disabilities may submit requests for construction of accessible curb ramps and remediation of inaccessible curb ramps. The City will use its best efforts to remediate or construct each requested accessible curb ramp within 120 days of the request, except in very limited circumstances.

The proposed Consent Decree also includes provisions for the Class Representative and Class Counsel (identified below) to monitor the City's compliance with the terms of the settlement and requires the City to issue annual reports documenting the construction and remediation of curb ramps under the proposed Consent Decree.

## RELEASE OF CLAIMS

The proposed Consent Decree resolves and releases through the end of the Term of the proposed Consent Decree, all claims for injunctive, declaratory, or other non-monetary relief that were brought, could have been brought, or could be brought in the future relating to or arising from any of the City's alleged actions, omissions, incidents, or conduct related to the installation, remediation, repair, or maintenance of curb ramps in the City's pedestrian rights-of-way. The

proposed Consent Decree does not provide for any monetary relief to the Settlement Class, and it does not release any monetary claims that Settlement Class members may have. The releases do not apply to components of the City's sidewalk system other than curb ramps.

## PAYMENTS TO CLASS REPRESENTATIVE

Class Counsel will request that Plaintiff and Class Representative Artie Lashbrook receive a $5,000 service award, paid by the City, in recognition of the services he rendered to the Settlement Class. Plaintiff Lashbrook will also receive a damages payment of $50,000 in exchange for a release of his individual monetary claims, including actual and statutory damages claims, related to the physical and emotional injuries he suffered as a result of his personal encounters with Non-Compliant Curb Ramps in the City's pedestrian right of way. Both payments must be approved by the Court.

## REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES

The settlement class is represented by Goldstein, Borgen, Dardarian & Ho and the Civil Rights Education and Enforcement Center (collectively referred to as "Class Counsel"). The City will pay Class Counsel their reasonable attorneys' fees, expenses, and costs of $734,627.50 subject to the approval by the Court. Class Counsel shall also be entitled to reasonable attorneys' fees and costs for monitoring the City's compliance with the settlement as set forth in the proposed Consent Decree. Plaintiff's fees, expenses, and costs for monitoring will be capped at $75,000 for the years 2020 through 2022, and capped at $50,000 per year for the years 2023 through the expiration of the Term of the proposed Consent Decree. Notwithstanding the fee provisions of the proposed Consent Decree, all fees awarded to Class Counsel are subject to approval by the Court.

## FAIRNESS OF SETTLEMENT

The Class Representative and Class Counsel have concluded that the terms and conditions of the proposed Consent Decree are fair, reasonable, adequate, and in the best interests of the Settlement Class. In reaching this conclusion, the Class Representative and Class Counsel have considered the benefits of the settlement, the possible outcomes of litigation of these issues, the expense and length of litigation, and actual and possible appeals.

## THE COURT'S FINAL APPROVAL/FAIRNESS HEARING

The Court has preliminarily approved the proposed Consent Decree, and has scheduled a "Final Approval" or "Fairness" hearing for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to decide whether the proposed settlement is fair, reasonable, and adequate, and should be finally approved. Although you are not required to attend, as a Settlement Class Member, you have the right to attend and be heard at this hearing, as specified in the next section below. At the hearing, the Court will consider any objections to the settlement. Judge Cousins will listen to people who have asked to speak at the hearing. After the hearing, the Court will decide whether to approve the settlement. The Court will also evaluate the agreed upon amount to award Class Counsel as reasonable attorneys' fees, costs and litigation expenses. We do not know how long this decision will take.

This hearing date is subject to change without further notice.  If you wish to be informed of any changes to the schedule, please notify Class Counsel at the addresses listed in the next section below.  You may also check www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose or the public court records on file in this action at https://www.pacer.gov/ for any updates.

OBJECTIONS TO THE SETTLEMENT

If you do not want the proposed Consent Decree to be approved, you can ask the Court to deny approval by filing an objection.  You cannot ask the Court to order a different settlement or change the settlement; the Court can only approve or reject the settlement.  If the Court denies approval, the Settlement Class will not get the curb ramp installation and remediation work set out in the proposed Consent Decree, and the lawsuit will continue.  If that is what you want to happen, you must object.

Any objection to the proposed Consent Decree must be in writing.  If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney.  If you appear through your own attorney, you are responsible for hiring and paying that attorney.

All written objections and supporting papers must (a) clearly identify the case name and number (*Lashbrook v. City of San Jose*, Case No. 5:20-cv-01236-NC), (b) be submitted to the Court either by mailing them to the Class Action Clerk, United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, or by filing them in person at any location of the United States District Court for the Northern District of California, and (c) be filed or postmarked on or before August 14, 2020.

If you submit an objection, it should include the following information: (a) your name, address, and, if available, your telephone number and e-mail address; (b) if you are being represented by counsel, the name, address, telephone number and e-mail address of your attorney; (c) a statement identifying the specific grounds for your objections; and (d) a statement of whether your objection applies only to you, to a specific subset of the class, or to the entire class.

**All objections must be submitted or postmarked on or before August 14, 2020.**

All objections should also be sent to Class Counsel at the following address:

   Linda M. Dardarian
   Goldstein, Borgen, Dardarian & Ho
   300 Lakeside Drive, Suite 1000
   Oakland, CA 94612

You may, but are not required to, appear at the Final Approval Hearing scheduled for **September 2, 2020 at 1:00 PM** at 280 South 1st Street, San Jose, California 95113, Courtroom 5, to have your objection heard by the Court.

**Any Class Member who does not object at or before the Final Approval Hearing will be deemed to have approved the settlement and to have waived such objections and shall not be able to make any objections (by appeal or otherwise) to the settlement.**

**IF YOU DO NOT OPPOSE THIS SETTLEMENT, YOU NEED NOT APPEAR OR FILE ANYTHING IN WRITING.**

<u>BINDING EFFECT</u>

The proposed Consent Decree, if given final approval by the Court, will bind all members of the Settlement Class. This will bar any person who is a member of the Settlement Class from prosecuting or maintaining any claim or action released under the terms of the proposed Consent Decree.

<u>FURTHER INFORMATION</u>

This notice summarizes the proposed Consent Decree. For the precise and full terms and conditions of the settlement, please see the proposed Consent Decree available at www.gbdhlegal.com/cases/lashbrook-v-city-of-san-jose, by contacting Class Counsel at the addresses and phone numbers below, or by accessing the Court docket on this case through the Court's Public Access to Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

You can also obtain more detailed information about the settlement or a copy of the proposed Consent Decree from Class Counsel at any of the following addresses:

Linda M. Dardarian
Goldstein, Borgen, Dardarian & Ho
300 Lakeside Drive, Suite 1000
Oakland, CA  94612
(510) 763-9800
www.gbdhlegal.com

Timothy P. Fox
Civil Rights Education and Enforcement Center
1245 E. Colfax Avenue, Suite 400
Denver, CO  80218
(303) 757-7901
www.creeclaw.org

Class Members may also contact Class Counsel at the following toll-free number, 1-800-538-1467, to obtain further information about the settlement or settlement documents.

**Please do not telephone the Court or the Court Clerk's Office to inquire about this settlement.**

To obtain copies of this Notice or the proposed Consent Decree in alternative accessible formats, please contact Class Counsel listed above.