UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTIE LASHBROOK,<br><br>           Plaintiffs,<br><br>    v.<br><br>CITY OF SAN JOSE,<br><br>           Defendant. | Case No. 20-cv-01236-NC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AWARDING ATTORNEYS' FEES AND SERVICE AWARD; JUDGMENT**<br><br>Re: Dkt. Nos. 20, 21, 22 |

The Parties have applied to the Court for an order finally approving the settlement of this action in accord with the Proposed Consent Decree ("Decree"), which sets forth the terms and conditions of a proposed settlement and dismissal of the action with prejudice, with the Court retaining jurisdiction to enforce the Decree throughout its term. Plaintiff Artie Lashbrook also moves for an award of attorneys' fees and a service award pursuant to the parties' Decree. Having read the papers submitted and carefully considered the arguments and relevant legal authority, and good cause appearing, the Court GRANTS the Parties' Joint Motion for Final Approval of Class Action Settlement, Lashbrook's Motion for Service Award and Motion for Attorneys' Fees.

        NOW, THEREFORE, IT IS HEREBY ORDERED:

        1.     On September 2, 2020, the Court conducted a final hearing to approve the Decree.

2. The Court finds that the parties provided notice to the Class in substantially the manner and form preliminarily approved by the Court. *See* Dkt. No. 14. The Settlement Notice, as ordered and implemented, was reasonably calculated under the circumstances to apprise the Settlement Class Members of the pendency of this action, all material elements of the proposed Settlement, and their opportunity (a) to submit written objections to the Settlement, and (b) to appear at the Fairness Hearing to object to or comment on the Settlement. The Settlement Notice was reasonable and the best notice practicable to all Settlement Class Members and complied with the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules. A full and fair opportunity has been afforded to the members of the Settlement Class to participate during the Fairness Hearing, and all other persons wishing to be heard have been heard.

3. On May 27, 2020, this Court granted the Parties' Joint Motion for Class Certification, preliminarily certifying a class for declaratory and injunctive relief. *See* Dkt. Nos. 10, 14. The Court found, for purposes of settlement only, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are met by the Settlement Class: (a) joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion; (b) there are questions of law and fact common to the Settlement Class; (c) Lashbrook's claims are typical of the claims of the Settlement Class that he seeks to represent for purposes of settlement; (d) Lashbrook has fairly and adequately represented the interests of the Settlement Class and will continue to do so; (e) Lashbrook and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving the allegations made in the Complaint; and (f) the City acted or refused to act on grounds that apply generally to the Settlement Class, so that final declaratory and injunctive relief is appropriate to the Settlement Class. Accordingly, the Court preliminarily certified the following Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(2):

All persons (including residents of and/or visitors to the City of San Jose)

    with any Mobility Disability, who, at any time prior to the Court granting

    final approval of the Consent Decree, have been denied full and equal access

    to the City's pedestrian right of way due to the lack of a curb ramp or a curb

    ramp that was damaged, in need of repair, or otherwise in a condition not

    suitable or sufficient for use.

Pursuant to Federal Rule Civil Procedure 23(c)(1)(B), the Court also appointed Lashbrook and his counsel as representatives of the Settlement Class.

   4. For the reasons stated above, the Court finds that class certification is therefore an appropriate method for protecting the interests of the Settlement Class and resolving the common issues of fact and law arising out of the Lashbrook's claims while also eliminating the risk of duplicative litigation.  Accordingly, the Court hereby makes final its earlier provisional certification of the Settlement Class and further confirms the appointment of the Class Representative and Class Counsel to represent the Settlement Class, as set forth above.

   5. The Court grants final approval of the Settlement set forth in the Consent Decree and finds, after considering all of the factors set forth in Federal Rule of Civil Procedure 23(e)(2), that it is fair, reasonable, adequate, and in the best interests of the Settlement Class as a whole.  The Settlement, which was negotiated at arm's length, offers Settlement Class members comprehensive injunctive relief regarding all of the claims in Lashbrook's Complaint, and treats Settlement Class members equitably relative to each other.  The Court grants final approval of the release of the City from the Released Claims as set forth in the Consent Decree.

   6. To summarize, the Decree requires the City of San Jose to remediate all missing and non-compliant curb ramps by 2038.  It requires the City to allocate a minimum amount of money per year towards its construction and remediation obligations, while reaching certain milestones in ramp construction and remediation.  In the event the City is unable to appropriate the required annual monetary commitment, the Decree requires the City to make up the shortfall in subsequent years, preempt the shortfall in

1  previous years, or maintain an agreed-upon average rate of ramp construction and
2  remediation. The City is also required to maintain a Curb Ramp Request Program and
3  comply with reporting and monitoring requirements. In exchange, Lashbrook and
4  members of the Class agree to release all injunctive, declaratory, or non-monetary claims
5  related to the City's alleged actions or omissions relating to the remediation or
6  construction of curb ramps. However, unnamed members of the Class do not release
7  claims for monetary damages, personal injuries, or property damages. Lashbrook releases
8  all of his monetary claims related to his personal encounters with non-compliant curb
9  ramps in exchange for a damages payment of $50,000.

10  7. The Court finds that the Decree is fair, adequate and reasonable to all
11  potential Class Members. The Parties have conducted an extensive evaluation of the
12  merits such that Counsel for both Parties are able to reasonably evaluate their respective
13  positions. Settlement will also avoid substantial additional costs to all Parties, as well as
14  avoid the delay and the risks presented by further prosecution of issues either in the current
15  or separate litigation proceedings which are addressed by the Decree. The results achieved
16  by the Decree are also in line with approved consent decrees in similar cases. *See, e.g.*,
17  Dkt. No. 10-1 ("Dardarian Decl."), Ex. 8 (order granting preliminary approval of consent
18  decree in *Hines v. City of Portland*, Case No. 3:18-cv-00869-HZ (D. Or. June 4, 2019)).

19  8. The Court also finds that the Decree has been reached as the result of good
20  faith, prolonged, serious, and non-collusive arms-length negotiations. The Parties reached
21  the Decree after six years of out-of-court negotiations. At the preliminary approval
22  hearing, the parties represented that they contested the merits of the class claims and
23  engaged in extensive discovery and information sharing over the six-year period before
24  reaching the Decree.

25  9. The Court further finds that the City's Annual Commitment, which requires
26  the installation or remediation of 27,621 Non-Compliant Curb Ramps by the end of 2038,
27  as set forth in the Consent Decree is proper and reasonably calculated based on the
28  available information to ensure and maintain accessibility of the pedestrian right of way

4

located in the City of San Jose to persons with Mobility Disabilities. Accordingly, the Settlement shall be consummated in accordance with the terms and conditions of the Consent Decree

10. No Class Member has objected to the Settlement. The absence of any objections further supports the Settlement's final approval.

11. Lashbrook and all Settlement Class Members (and their respective heirs, assigns, successors, executors, administrators, agents and representatives) are conclusively deemed to have released and forever discharged the City from all Released Claims as set forth in the Consent Decree. Specifically, Lashbrook and members of the Class agree to release all injunctive, declaratory, or non-monetary claims related to the City's alleged actions or omissions relating to the remediation or construction of curb ramps. Unnamed members of the Class do not release claims for monetary damages, personal injuries, or property damages. *See* Dkt. No. 22-1, Ex. 1 §§ 18, 19. Lashbrook and all Settlement Class Members are bound by this Judgment.

12. The benefits described in the Consent Decree are the only consideration, fees, costs and expenses that the City shall be obligated to give to any party or entity, including without limitation the Class Representative, Settlement Class Members, and Class Counsel in connection with the claims released in the Consent Decree and/or the payment of attorneys' fees, costs, and expenses in this action.

13. The Consent Decree and this Judgment are not admissions of liability or fault by the City, or a finding of the validity of any claims in this action or of any wrongdoing or violation of law by the City. The Consent Decree is not a concession by the Parties and, to the fullest extent permitted by law, neither this Judgment, nor any of its terms or provisions, nor any of the negotiations connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceeding to establish any liability of, or admission by the City.

14. Notwithstanding the foregoing, nothing in this Judgment shall be interpreted to prohibit the use of this Judgment to consummate or enforce the Consent Decree or

Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

15. The Court approves Lashbrook's requested service award of $5,000. The Court finds that the requested award of $5,000 is reasonable and appropriate compensation for the work and risk undertaken by spearheading this litigation as the class representative. *See, e.g.*, *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000) (approving $5,000 to two plaintiff representatives of 5,400 potential class members in $1.75 million settlement); *Hopson v. Hanesbrands, Inc.*, No. 08-cv-0844-EDL, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3,2009) (approving $5,000 award to one member of 217-member class from $408,420 settlement amount).

16. The Court also approves Lashbrook's requested attorneys' fees and costs. As the prevailing party in this disability rights class action, Lashbrook is entitled to recover his reasonable attorneys' fees, costs and expenses. See 42 U.S.C. § 12205 (ADA prevailing party is entitled to "a reasonable attorney's fee, including litigation expenses, and costs"); 29 U.S.C. § 794a(b) (Section 504 prevailing party is entitled to "a reasonable attorney's fee as part of the costs").

17. The Court finds that the hourly rates claimed by Class Counsel are reasonable and within the market range of hourly rates charged by attorneys of comparable experience, reputation and ability for similar litigation. *See Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210-11 (9th Cir. 1986). Specifically, Class Counsel request the following rates:

| Name | Position | Rates |
|---|---|---|
| Linda M. Dardarian | Partner | $945 |
| Amy Robertson | Co-Executive Director | $895 |
| Tim Fox | Co-Executive Director | $895 |
| Andrew P. Lee | Partner | $750 |
| Sarah Morris | Staff Attorney | $520 |
| Beth Holtzman | Associate | $415 |

6

| Scott G. Grimes | Senior Paralegal | $325 |
|---|---|---|
| Stuart Kirkpatrick | Paralegal | $285 |
| Marissa McGarry | Paralegal | $265 |
| Arielle Milkman | Paralegal | $265 |
| Ana Diaz | Paralegal | $265 |
| Sophie Breene | Paralegal | $265 |

18. Reviewing Class Counsel's declarations, the Court also finds that the 1,266.80 hours expended by Class Counsel in investigating the case and negotiating, settling, and obtaining court approval of the Consent Decree are reasonable.

19. Lashbrook's costs and out-of-pocket expenses are recoverable. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). Through July 7, 2020, Class Counsel incurred $2,925.59 in documented litigation costs and expenses. The declarations of Class Counsel and accompanying exhibits and the record in this case demonstrate that these costs and expenses were reasonable and necessary for the pursuit and resolution of this case.

20. Accordingly, the Court approves a total of $725,253.09 in attorneys' fees, costs, and litigation expenses.

21. In accordance with the terms of the Consent Decree, the Court reserves exclusive and continuing jurisdiction over Lashbrook, the Settlement Class Members, the City, and the Consent Decree throughout the term of the Consent Decree, for the sole purpose of supervising the implementation, enforcement, construction, and interpretation of the Consent Decree and this Judgment. In that regard, any challenges to the Consent Decree's terms or implementation, whether under state or federal law, shall be subject to the exclusive and continuing jurisdiction of this Court. All parties have consented to the jurisdiction of a magistrate judge. *See* Dkt. Nos. 7, 9.

22. The Clerk is directed to enter this Judgment and terminate Case No. 20-cv-01236-NC.

**IT IS SO ORDERED.**

Dated: September 2, 2020

_____
NATHANAEL M. COUSINS
United States Magistrate Judge